## A90A0783. COBB v. THE STATE.

(393 SE2d 723)

DEEN, Presiding Judge.

Appellant Cobb was convicted of aggravated assault by shooting a pistol at random and striking a fourteen-year-old Columbus youth in the shoulder. Appellant testified that at the time of the shooting he was en route to his sister's apartment to spend the night and was carrying a pistol in his high-top shoe because the sister had informed him that she had recently had "peeping Tom" incidents. According to appellant, as he walked along the street he was confronted by some 25 or 30 members of a gang from a nearby apartment complex with which his sister's complex had been engaged in gang warfare. He further testified that when a gang member suddenly pointed to him, he turned and ran. Before he could get away, however, he was knocked to the ground by someone wielding a baseball bat. He thereupon retrieved his gun from his shoe, shot twice purportedly over the heads of the crowd, and then ran away, going into hiding for several months before surrendering to Columbus, Georgia police.

Despite the fact that neither the bullet nor a suspect weapon was ever found, Cobb was charged with aggravated assault upon the fourteen-year-old boy. At trial he contended (a) that it was not his bullet which struck the boy, but one fired by an alleged unknown assailant as the "third shot" which two witnesses testified to having heard; and

(b) that the shooting was justifiable because it was done in self-defense. A jury found Cobb guilty as charged, and he received a 15-year sentence, from which judgment and sentence he appeals. *Held*:

1. Appellant enumerates as error the general grounds; the trial court's denial of his motion for directed verdict; the trial court's allegedly confusing and inadequate jury instruction on self-defense; and allegedly improper statements of law made by the State in its closing argument.

As to the first assignment of error, we find no error of law. We further find that there was sufficient competent evidence, both direct and circumstantial, to authorize the rational trier of fact to find appellant guilty as charged beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). It is well settled that the appellate court assesses only the sufficiency of the evidence, not its weight. *McClendon v. State*, 187 Ga. App. 666 (371 SE2d 139) (1988). We therefore find the first enumeration without merit.

2. A directed verdict of acquittal is proper only when "there is no conflict in the evidence and the evidence introduced with all reasonable deductions and inferences therefrom shall demand a verdict of acquittal or 'not guilty'. . . ." OCGA § 17-9-1. Although there were certain discrepancies in the evidence and a portion of it was circumstantial rather than direct, the quantum of evidence in defendant/appellant's favor fell far short of that necessary to "demand" a verdict of acquittal. See Division 1, supra. As for the circumstantial evidence, a conviction on circumstantial evidence alone is authorized when "the proved facts [are] consistent with the hypothesis of guilt, but . . . exclude every other reasonable hypothesis save that of the guilt of the accused." OCGA § 24-4-6; *Parks v. State*, 202 Ga. 84 (42 SE2d 103) (1947). "The term 'hypothesis' as used in [OCGA § 24-4-6] refers to such reasonable inferences as are ordinarily drawn by ordinary men in the light of their experience in everyday life; the Code section does not mean that the act might by bare possibility have been done by somebody else, but that the State should show to a moral certainty that it was the defendant's act. . . ." *Hunter v. State*, 91 Ga. App. 136, 138 (85 SE2d 90) (1954); *McGee v. State*, 159 Ga. App. 763 (285 SE2d 224) (1981). In the instant case, as previously noted, the bullet and gun were never recovered (appellant testified that after the shooting the weapon mysteriously disappeared from the spot in his sister's apartment where he customarily kept it); moreover, the person alleged by appellant to have been the mysterious assailant who fired the purported third shot was never formally investigated by police officers or summoned as a witness by either the defense or the prosecution.

Furthermore, when there is direct evidence as well as circumstan-

tial, the stringent standard of OCGA § 24-4-6 does not apply. *Ridley v. State*, 232 Ga. 646 (208 SE2d 466) (1974). Where, as here, there is direct evidence pointing to the same conclusion as the circumstantial evidence, the verdict will not be disturbed on appeal. *Coney v. State*, 101 Ga. 582 (28 SE 918) (1897). Appellant's third enumeration is also without merit.

3. Our reading of the trial transcript reveals no error in the trial court's instruction on self-defense or, contrary to appellant's assertion, anything that would be confusing to the jurors. Moreover, we find nothing erroneous or improper in the prosecutor's closing remarks, as alleged. Appellant's second and fourth enumerations have no merit.

*Judgment affirmed. Pope and Beasley, JJ., concur.*

DECIDED APRIL 23, 1990.

James A. Messner, for appellant.

Douglas C. Pullen, District Attorney, J. C. Bernard, Assistant District Attorney, for appellee.