A92A0066. LONGENBACH v. THE STATE.
(415 SE2d 546)

McMURRAY, Presiding Judge.

Defendant was charged with burglary in Count 1 of a two count indictment. In Count 2, he was charged with the offense of peeping Tom in that defendant "did . . . unlawfully on or about the premises of [the victim] remain in the bedroom of the [victim] for the purpose of committing an act invading the privacy of the [victim], to wit: masturbating while standing over the said [victim]."

At a jury trial, the victim testified, in pertinent part, as follows: "[During the evening of November 13, 1990, after] I had put my children to bed, I went to bed. And I woke up because something was hitting me in the face. I looked up, and saw [defendant] standing beside my bed with his hand on himself and he was jacking off on top of me. I jumped up and started screaming and he turned around and started running towards the front door, I followed him out to the front door. He went out my front door and went into the door across the way to the other side of the duplex."

Defendant was found not guilty of burglary and guilty of peeping Tom. This appeal followed the denial of defendant's motion for new trial. *Held*:

1. Defendant contends the trial court erred in denying his special and general demurrers, arguing "the indictment . . . fails to set out allegations which are . . . sufficient to support the charge 'peeping Tom.'" In other words, defendant argues the lewd act alleged in the indictment does not constitute the crime of peeping Tom. This enumeration is without merit.

The gravamen of the offense of peeping Tom is being on the

premises of another for the purpose of spying or invading privacy. See *Lemon v. State*, 235 Ga. 74, 76 (3) (218 SE2d 818); *Chance v. State*, 154 Ga. App. 543 (1) (268 SE2d 737). In the case sub judice, defendant was charged with the offense of peeping Tom because he "did . . . unlawfully on or about the premises of [the victim] remain in the bedroom of the [victim] for the purpose of committing an act invading the privacy of the [victim]." These allegations support the charge that defendant committed the offense of peeping Tom. OCGA § 16-11-61.

2. Defendant challenges the sufficiency of the evidence, arguing the evidence does not show that he committed the offense of peeping Tom. We do not agree.

The victim's testimony that defendant entered her bedroom and stood by the victim's bed under cover of darkness was sufficient to authorize a finding that defendant entered the victim's premises with the intent to invade the victim's privacy. This proof was sufficient to authorize the jury's finding that defendant is guilty, beyond a reasonable doubt, of the offense peeping Tom. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560).

3. Defendant contends the finding that he is not guilty of burglary is inconsistent with the finding that he is guilty of peeping Tom. This contention is without merit. The inconsistent verdict rule has been abolished in criminal cases. *Smashum v. State*, 261 Ga. 248, 249 (2) (403 SE2d 797).

*Judgment affirmed. Sognier, C. J., and Cooper, J., concur.*

DECIDED FEBRUARY 17, 1992.

*John E. Webster*, for appellant.
*Thomas C. Lawler III, District Attorney, Debra K. Turner, Assistant District Attorney*, for appellee.