A92A1181. STEWART v. THE STATE.
(422 SE2d 567)

POPE, Judge.

Defendant Timothy A. Stewart was convicted of burglary and armed robbery and appeals. We affirm.

1. First, we reject defendant's argument that the trial court erred in denying his motion to suppress evidence of palm prints taken while he was incarcerated as a result of an unrelated offense. Contrary to defendant's argument, the testimony presented at the motion to suppress established that defendant's fingerprints and palm prints were taken routinely as a result of his incarceration for an unrelated offense. That they had to be taken a second time because the first set was smudged and unreadable is irrelevant. "The [defendant's deten-

tion] being lawful, the taking of the [defendant's palm prints] was also lawful." *Bradford v. State*, 149 Ga. App. 839, 841 (256 SE2d 84) (1979). Consequently, the argument that the evidence was wrongfully obtained without a showing of probable cause and without the authority of a warrant must fail.

2. We also reject defendant's argument that the trial court erred in denying his motion for directed verdict and his motion for new trial on the ground that the evidence did not support the conviction. The defendant's own testimony placed him near the scene of the crime near the time it happened. Other evidence showed that the defendant lived near the house where the offenses were committed and the victim testified he watched the robber walk away from his home. Defendant's palm prints were found on a porch glider in front of the window the burglar used to enter the house and on the inside window sill. Defendant testified that prior to the burglary he had visited the victims to borrow a yard tool, but he admitted he did not at that time enter the victims' porch or their house. Defendant also offered conflicting evidence concerning his alibi. A physical description of the burglar was given by the victim and, although no physical description of the defendant appears in the record, the jury had the opportunity to observe him and determine if he fit the description.

Consequently, although the evidence against defendant was circumstantial, we conclude it was sufficient to sustain the verdict, and we reject defendant's argument that it failed to exclude every reasonable hypothesis save that of guilt. " 'The term "hypothesis" as used in (OCGA § 24-4-6) refers to such reasonable inferences as are ordinarily drawn by ordinary men in the light of their experience in everyday life; the Code section does not mean that the act might by some bare possibility have been done by somebody else, but that the State should show to a moral certainty that it was the defendant's act. . . .' [Cits.]" *Cobb v. State*, 195 Ga. App. 429, 430 (2) (393 SE2d 723) (1990).

*Judgment affirmed. Carley, P. J., and Johnson, J., concur.*

DECIDED SEPTEMBER 16, 1992.

*Hemmann & Hemmann, Paul E. Hemmann*, for appellant.

*Tommy K. Floyd, District Attorney, Charles E. Rooks, Assistant District Attorney*, for appellee.