## A94A2682. GROVER v. THE STATE.
### (452 SE2d 586)

McMurray, Presiding Judge.

Defendant was tried before a jury and found guilty of arson in the first degree. This appeal followed the denial of defendant's motion for new trial and extraordinary motion for new trial. *Held*:

1. Defendant contends in his first two enumerations that the trial court erred in denying his motions for directed verdict of acquittal and for a new trial, arguing that the State's circumstantial evidence did not exclude every other reasonable hypothesis save that of his guilt. See OCGA § 24-4-6.

"When, as here, an enumeration of error is based upon the overruling of a motion for directed verdict of acquittal, which was grounded at trial on insufficiency of the evidence, the proper test for an appellate court is 'the beyond a reasonable doubt test' as expressed in *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560). *Williams v. State*, 199 Ga. App. 566, 567 (1) (405 SE2d 716), citing *Humphrey v. State*, 252 Ga. 525, 527 (314 SE2d 436). 'As for the circumstantial evidence, a conviction on circumstantial evidence alone is authorized when "the proved facts (are) consistent with the hypothesis of guilt, but . . . exclude every other reasonable hypothesis save that of the guilt of the accused." (Cits.) "The term 'hypothesis' as used in (OCGA § 24-4-6) refers to such reasonable inferences as are ordinarily drawn by ordinary men in the light of their experience in everyday life; the Code section does not mean that the act might by bare possibility have been done by somebody else, but that the State should show to a moral certainty that it was the defendant's act. . . ." (Cits.)' *Cobb v. State*, 195 Ga. App. 429, 430 (2) (393 SE2d 723)." *Patterson v. State*, 202 Ga. App. 440, 442 (3) (414 SE2d 895). Viewing the evidence in the case sub judice in a light most favorable to the verdict, we conclude the jury rationally could have found that the evidence excluded every reasonable hypothesis except that of defendant's guilt.

D. L. Patel testified that he is the manager and part owner of a motel in Jonesboro, Georgia; that defendant stayed at the motel two nights before the motel was partially destroyed by fire and that defendant performed work (painting) at the motel in exchange for half of defendant's bill for two days of lodging ($22) plus $15. Patel testified that he deducted this boarding fee from a $37 check he tendered for defendant's wages; that defendant confronted Patel at about 9:00 on the evening before the fire complaining about the amount of pay he received; that Patel offered defendant a compromise of another night's lodging at the motel for less than half the regular rate and that defendant rejected this offer, leaving the premises in a rage and threatening to sue Patel for refusing to allow him to stay at the motel

free of charge. Patel testified that his business burned later that evening at about 1:00 in the morning. Michael Stapleton testified that he is a resident at Patel's motel; that he talked with defendant (while defendant was working at the motel) on the day before the fire and that defendant then informed Stapleton that "if he didn't get a free room he was going to come back and burn the place down." Stapleton testified that he witnessed an argument between defendant and Patel on the night before the fire; that he saw defendant leave the premises in a vulgar rage and that he discovered the motel burning later that night at about 1:00 in the morning. Three teen-aged witnesses testified that defendant came to them on the night of the fire and attempted to enlist their services to help burn Patel's motel; that they refused to help defendant burn the motel and that defendant came to them a couple of days after the fire and asked them to give him an alibi, i.e., tell the police that defendant was with the teens on the night of the fire. John White testified that he talked with defendant while he and defendant were incarcerated at the "Lovejoy Correctional Facility" and that defendant then informed him that he was in jail for setting "a garbage can on fire. . . ." This evidence and evidence that the fire at Patel's motel was potentially human life threatening is sufficient to authorize the jury's finding that defendant is guilty, beyond a reasonable doubt, of arson in the first degree as charged in the indictment. OCGA § 16-7-60 (a) (5); *Jackson v. Virginia*, 443 U. S. 307, supra; *Vineyard v. State*, 195 Ga. App. 788 (2) (395 SE2d 49).

2. Next, defendant contends the trial court erred in denying his extraordinary motion for new trial based on newly discovered testimony from his girl friend that he was with her on the night of the fire and therefore could not have set the fire at Patel's motel. This contention is without merit.

"By definition, newly discovered evidence is evidence 'that . . . has come to (the defendant's) knowledge since the trial. . . .' *Lipscomb v. State*, 194 Ga. App. 657, 659 (391 SE2d 773) (1990)." *Foreman v. State*, 200 Ga. App. 400 (2) (408 SE2d 178). In the case sub judice, if defendant's girl friend was truly an alibi witness, defendant knew of the existence of her testimony long before the time of trial. However, the record indicates that defendant did little, if anything, to compel his girl friend's testimony at trial. Under these circumstances, we cannot say the testimony of defendant's girl friend was newly discovered evidence so as to authorize a new trial based on extraordinary grounds. *Foreman v. State*, 200 Ga. App. 400 (2), supra.

The trial court did not err in denying defendant's extraordinary motion for new trial based on newly discovered evidence.

*Judgment affirmed. Pope, C. J., and Smith, J., concur.*

DECIDED DECEMBER 29, 1994.

*Lloyd E. Hall,* for appellant.

*Robert E. Keller, District Attorney, Deborah N. Maron, Assistant District Attorney,* for appellee.