A95A1025. EMERSON v. THE STATE.
(458 SE2d 657)

BLACKBURN, Judge.

Following a trial by jury, the appellant, Jerry Emerson, was convicted of the offense of "peeping Tom" under OCGA § 16-11-61. His

motion for new trial was denied by the trial court and this appeal followed.

The evidence adduced at trial shows that at 9:30 p.m. on May 21, 1992, the victim heard something go past her driveway motion detector. She looked out the window of her home which is located 600 feet from the roadway, but did not see anything. Later, at 10:50 p.m., she became uneasy when she smelled a faint odor of smoke in her home. While checking her home for the origin of the odor, she became frightened when, upon opening her back door, she discovered Emerson leaning against the porch railing. When questioned as to why he was on her porch, Emerson responded that he was just wondering what time it was and peered through the door to look at a clock on her microwave. Emerson lived approximately a quarter of a mile from the victim's home. The victim had first encountered Emerson three days earlier when he appeared on her porch and asked for permission to fish in a pond on her property. The victim identified Emerson at trial as the person she discovered on her porch on May 21, 1992. Emerson did not testify at trial.

"When, as here, an enumeration of error is based upon the overruling of a motion for directed verdict of acquittal, which was grounded at trial on insufficiency of the evidence, the proper test for an appellate court is the beyond a reasonable doubt test as expressed in *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979)." (Punctuation omitted.) *Grover v. State*, 215 Ga. App. 907 (1) (452 SE2d 586) (1994). "The gravamen of the offense of peeping Tom is being on the premises of another for the purpose of spying or invading privacy. [Cits.]" *Longenbach v. State*, 202 Ga. App. 863, 864 (1) (415 SE2d 546) (1992).

In the case at bar, the victim's testimony was sufficient to authorize a finding that Emerson was on her premises with the intent to invade her privacy. See id. This proof was sufficient to authorize a rational trier of fact to find Emerson guilty as charged, beyond a reasonable doubt, under the standard enunciated in *Jackson v. Virginia*, supra. The trial court did not err in denying Emerson's motion for new trial.

*Judgment affirmed. McMurray, P. J., and Andrews, J., concur.*

DECIDED APRIL 13, 1995.

*Gunter & Stancil, N. Stanley Gunter,* for appellant.
*C. David Turk III, District Attorney, Albert F. Taylor, Jr., Assistant District Attorney,* for appellee.