A97A0251. FERGUSON v. THE STATE.
(484 SE2d 296)

Judge Harold R. Banke.

George E. Ferguson was convicted of armed robbery, criminal attempt to commit armed robbery, and three counts of aggravated assault. Following the denial of his motion for new trial, Ferguson challenges the sufficiency of the evidence and one jury instruction.

On appeal, the evidence must be viewed in the light most favorable to the verdict, and Ferguson no longer enjoys the presumption of innocence. *Rigenstrup v. State*, 197 Ga. App. 176, 181 (4) (398 SE2d 25) (1990). Viewed in that light, the State's evidence was as follows. While walking alone down a street, Marcus Johnson was robbed at gunpoint by several men who suddenly left a dark colored van. With a gun held to his head, Johnson complied with their demands, giving up his black Orlando Magic Starter jacket, wallet, two gold chains and Nike tennis shoes.

Less than an hour later, three infantry soldiers were accosted in a similar manner as they left a nightclub. While they were calling a taxi from a phone booth, a dark colored van pulled up nearby, and three young males exited. Acting as the spokesman, Ferguson initially requested directions, then threatened to kill the soldiers if they did not give up their wallets. Ferguson was flanked by two other black males wielding handguns. One of the assailants held a gun close to Sergeant Ricky Pugalee's temple, and the other shot Sergeant Noah Steere three times, wounding him in his arm, elbow, and hip, after Steere refused to surrender his wallet. Sergeant DeWayne Cox and Pugalee relinquished their wallets.

Responding to a radio broadcast, Officer Phil Matteo stopped a dark colored van that night. Police recovered an Orlando Magic Starter jacket, one Nike shoe, a pistol, a revolver, a gold chain, and an ATM receipt belonging to Cox. Two officers testified that at the time of his arrest, Ferguson was wearing one of Johnson's stolen Nike shoes.

Shortly after Ferguson's arrest, Johnson went to the police station and identified some of the items recovered from the van and its occupants. Johnson was also able to identify Ferguson's two co-defendants as perpetrators. At trial, Johnson identified his Starter jacket, jewelry, and tennis shoes.[1]

Ferguson was convicted of the armed robbery of Cox, the criminal attempt of armed robbery of Steere and the aggravated assault of all three victims. Ferguson's two co-defendants pleaded guilty. *Held*:

1. In two enumerations of error, Ferguson asserts the verdict is contrary to and against the weight of the evidence. We disagree. The State presented both direct eyewitness testimony and circumstantial evidence. Testifying that there was "no doubt in his mind whatsoever," Steere identified Ferguson as the man who threatened his life and demanded his wallet. Steere verified that Cox's and Pugalee's wallets had been forcibly taken at gunpoint. Pugalee identified Ferguson as the person giving the orders, and Pugalee testified that one

---

[1] Authorities did not pursue criminal charges against Ferguson in the Johnson case.

of the assailants pointed a pistol straight at his head. In light of the evidence, a rational trier of fact could have found Ferguson guilty of the crimes within the meaning of *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Ferguson claims that the trial court's erroneous instruction on reasonable doubt requires the reversal of his convictions. We disagree. The court's charge on reasonable doubt deviated slightly from the pattern charge. The court apparently misspoke when charging part of the pattern instruction on reasonable doubt, stating "you can acquit the defendant" instead of "you should acquit the defendant." Suggested Pattern Jury Instructions, Vol. II: Criminal Cases, D, p. 8. In light of the instruction on reasonable doubt as a whole, and in light of the overwhelming evidence of Ferguson's guilt, even if the charge was error, it is highly probable that it did not contribute to the verdict. *Moak v. State*, 222 Ga. App. 36, 40 (4) (473 SE2d 576) (1996); *Wheat v. State*, 205 Ga. App. 388, 389 (2) (422 SE2d 559) (1992).

*Judgment affirmed. McMurray, P. J., and Smith, J., concur.*

DECIDED MARCH 14, 1997.

*Hagler, Hyles, Adams & McKenna, Clark C. Adams, Jr.*, for appellant.

*J. Gray Conger, District Attorney, Lori L. Canfield, Assistant District Attorney*, for appellee.