A02A1651. LOPEZ v. THE STATE.

(572 SE2d 736)

MIKELL, Judge.

A Whitfield County jury convicted Enrique Lopez of criminal attempt to commit child molestation. On appeal, Lopez argues that

---

[17] Id. See *Campbell v. Breedlove*, 244 Ga. App. 819, 822 (1) (535 SE2d 308) (2000).
[18] 72 Ga. App. 717, 721-722 (4) (34 SE2d 906) (1945).

the trial court erred by denying his motion for directed verdict because the evidence was insufficient to support his conviction. We disagree and affirm.

"The standard of review for the denial of a motion for a directed verdict of acquittal is the same as that for reviewing the sufficiency of the evidence to support a conviction."[1] "[W]e must determine whether, after viewing the evidence in the light most favorable to support the verdict, any rational trier of fact could have found the elements of the crime beyond a reasonable doubt."[2] We do not weigh the evidence or assess witness credibility, and the appellant is no longer presumed innocent.[3]

The evidence shows that the victim, T. E., who was 15 years old when the alleged offense occurred, suffers from a learning disability. T. E. worked at a McDonald's restaurant in the local mall on the weekends, which is where she met Lopez. Lopez, who was 46 years old when the incident occurred, worked at the mall as a janitor.

T. E. first noticed Lopez when he was talking with her father near her workplace. Because she assumed that her father and Lopez were friends, T. E. later approached Lopez and said hello, and they began talking. T. E. testified that it was difficult for them to communicate because Lopez spoke very little English and she did not speak Spanish.

T. E. testified that after their initial conversation, Lopez came to McDonald's twice a day while she was there. Lopez gave her money after she cleaned tables occupied by other patrons. He would leave the money on the table, place it in her hand, or put it in her front pants pocket. T. E. took the money the first time, but on the approximately eight other occasions that Lopez left her money, she either left it on the table or threw it back at him after telling him that she did not want it. Despite T. E.'s protests, Lopez continued to try to give her money.

Lopez asked T. E. to take a picture with the Easter bunny, and she complied. He then refused to give the picture to her and told her that he planned to keep it in his wallet. T. E. testified that on another occasion, Lopez approached her while she was in the game room at the mall, gave her a note, and walked away. On the note was a drawing of two people kissing and Lopez wrote "The La Girlfriend," "I love you-a-lot," and "I want to make love to you." The next day, Lopez tried to give T. E. money again, and she walked away.

T. E.'s stepfather testified that two days after he became aware of

---

[1] (Citation and punctuation omitted.) *Sharpe v. State*, 213 Ga. App. 280, 282 (1) (444 SE2d 600) (1994).

[2] (Footnote omitted.) *Reece v. State*, 241 Ga. App. 809 (527 SE2d 642) (2000).

[3] *Vasquez v. State*, 241 Ga. App. 512, 513 (1) (527 SE2d 235) (1999).

the note, he and T. E. reported Lopez's conduct to mall security. The mall security personnel contacted the Dalton Police Department. Dalton Police Officer Dale Verran testified that he met with mall security, T. E., and her stepfather. Officer Verran took T. E.'s statement and received a copy of the note that Lopez had given to her.

After meeting with the officer, T. E. returned to work. As Officer Verran completed his report, the manager at McDonald's called to report that Lopez was trying to talk to T. E. again. When Officer Verran arrived at McDonald's, T. E. told him that Lopez beckoned to her. Officer Verran contacted an officer who spoke fluent Spanish, and they approached Lopez. The officers read Lopez his *Miranda* rights before questioning him about T. E. Based on Lopez's answers, Officer Verran placed him under arrest. Incident to the arrest, Officer Verran searched Lopez's person and found the picture of T. E. in his wallet.

Pursuant to OCGA § 16-4-1, "[a] person commits the offense of criminal attempt when, with intent to commit a specific crime, he performs any act which constitutes a substantial step toward the commission of that crime." Lopez argues that the evidence in this case showed that there was no substantial step toward the commission of the crime and that his conduct was merely "crude or boorish," not illegal. Further, he argues that there was no evidence that he knew T. E. was under 16 years of age. Lopez's arguments fail.

"[W]hat constitutes a substantial step is a question of degree, and depends upon the circumstances of each case. Moreover, the substantial step is to be considered in light of previous acts."[4] In *Wittschen v. State*,[5] the Supreme Court found that a substantial step toward the commission of child molestation had been made where the defendant drove up to two girls in a residential neighborhood and offered them money if they let him stick his hand down their pants. The Court found that the defendant "had definitely gone beyond mere preparation."[6] In this case, the undisputed evidence shows that Lopez repeatedly visited T. E. and offered her money, stuck his hand in the front pocket of her pants, carried a picture of her in his wallet, and gave her a note that expressly stated that he wanted to make love to her. Whether Lopez knew T. E.'s age is irrelevant since "[k]nowledge of the victim's age is not an element of the crime of child molestation."[7] "A person commits the offense of child molestation when he or she does any immoral or indecent act to or in the presence

---

[4] (Punctuation and footnotes omitted.) *Dennard v. State*, 243 Ga. App. 868, 872 (1) (a) (534 SE2d 182) (2000).

[5] 259 Ga. 448 (383 SE2d 885) (1989).

[6] Id. at 449 (1).

[7] *Veasey v. State*, 234 Ga. App. 795 (1) (507 SE2d 799) (1998).

of or with any child under the age of 16 years with the intent to arouse or satisfy the sexual desires of either the child or the person."[8] In light of the evidence introduced in the case sub judice, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.[9]

*Judgment affirmed. Andrews, P. J., and Phipps, J., concur.*

DECIDED OCTOBER 18, 2002.

*Michael R. McCarthy*, for appellant.

*Kermit N. McManus, District Attorney, Stephen E. Spencer, Assistant District Attorney*, for appellee.

---

[8] OCGA § 16-6-4 (a).
[9] *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).