## A03A2043. GARRETT v. THE STATE.

(587 SE2d 794)

BLACKBURN, Presiding Judge.

Following his conviction by a jury of two counts of armed robbery, aggravated assault, theft by taking a motor vehicle, and possession of a tool to commit a crime, Devitte Allen Garrett appeals, arguing that the evidence was insufficient to support his convictions and that the trial court erred in denying his motion for directed verdict. For the reasons set forth below, we affirm.

> The standard of review for the denial of a motion for a directed verdict of acquittal is the same as that for reviewing the sufficiency of the evidence to support a conviction. We must determine whether, after viewing the evidence in the light most favorable to support the verdict, any rational trier of fact could have found the elements of the crime beyond a reasonable doubt. We do not weigh the evidence or assess witness credibility, and the appellant is no longer presumed innocent.

(Punctuation and footnotes omitted.) *Lopez v. State.*[1]

Viewed in the light most favorable to the jury's verdict, the record shows that on the morning of August 9, 2002, Roy Boswell was working in his yard when he was approached by Garrett. After talking for a while, Garrett asked Boswell if he would give him a ride to Cassville in his truck, and Boswell agreed to do so. Once on the road, Garrett asked Boswell to stop at a wooded area near a creek so that he could retrieve some fishing tackle he had left there. As Boswell walked down a narrow path toward the creek with Garrett following, he was suddenly struck in the back of the head with enough force to knock his dentures from his mouth and to knock him unconscious. When Boswell regained consciousness, he was lying bleeding and face down in the sand, with two two-by-fours on his back. His wallet, which contained $900, and truck were gone, and Garrett was nowhere to be found.

Boswell crawled and staggered to the home of a neighbor, Tommy Poston, who, with his friend Larry Jacobs, had seen Boswell

---

[1] *Lopez v. State*, 258 Ga. App. 92, 93 (572 SE2d 736) (2002).

and Garrett drive by about a half-hour before. "Blood [was] coming from the back of his head. His front teeth were out. He was in a bad state." Poston and Jacobs got Boswell out of the road, washed the blood from his face, and called for help.

Officer Walt Kreitlow of the Cartersville Police Department was the first officer to arrive in response to the call. Boswell told Kreitlow what had happened and identified Garrett as the person who had assaulted and robbed him.

At the local hospital, Boswell was treated by Dr. Brett Cannon. During the examination, Boswell told Dr. Cannon that "someone he knew had hit him in the head with a board." Dr. Cannon treated Boswell for swelling to the left temporal region of his head. He testified that Boswell's injury was consistent with a blunt object injury.

Boswell's truck was found the next day in a parking lot. His wallet was in the truck; $300 which he had in the open part of the wallet was missing, but $600 he had hidden behind a secret flap was still in the wallet.

Investigator Jason DiPrima interviewed Boswell; Boswell told him that he had been attacked and robbed by Garrett. Garrett was arrested on August 21, 2002. When questioned about his whereabouts on August 9, 2002, he told DiPrima that he had been at a former girlfriend's home. The girlfriend, however, denied seeing Garrett on the morning of the crimes.

Under the standard of *Jackson v. Virginia*,[2] "there was sufficient competent evidence, both direct and circumstantial, to authorize the rational trier of fact to find appellant guilty as charged beyond a reasonable doubt." *Cobb v. State*.[3] This enumeration is without merit.

Garrett argues that he was charged in the indictment with using "an unknown type of club/bludgeon device, an offensive weapon," but that there was no evidence introduced at trial to prove this. No evidence was introduced that Boswell or anyone else saw him pick up a two-by-four or any other object, no weapon was introduced at trial, and the State did not show how a two-by-four, which is not per se an offensive weapon, was used to injure Boswell.

The presence of an offensive weapon or the appearance of such may be established by circumstantial evidence, and a conviction for armed robbery or aggravated assault may be sustained even though the weapon was neither seen nor accurately described by the victim. Some physical manifestation is required or some evidence from which the presence of a weapon may be inferred, but neither OCGA § 16-8-41 (a) nor § 16-5-21 (a) requires proof of an actual offensive

---

[2] *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).
[3] *Cobb v. State*, 195 Ga. App. 429, 430 (1) (393 SE2d 723) (1990).

weapon. *Terry v. State*[4] (holding that OCGA § 16-8-41 (a) does not require proof of actual offensive weapon); *Lattimer v. State*[5] (holding that OCGA § 16-5-21 (a) does not require proof of deadly weapon). "It is clear that even in the absence of the production or verbal description of the weapon used, evidence as to the nature, kind and location of the wounds inflicted by the assailant is sufficient to allow the jury to infer the character of the weapon." (Punctuation omitted.) *Lattimer*, supra at 595. See also *Zachery v. State*.[6] In this case, the testimony of the victim, the doctor, and other witnesses was sufficient indication of the severity of the blow to Boswell's head to show that the bludgeon device was used as an offensive weapon. *Alford v. State*.[7]

Garrett also asserts that the evidence that he hit Boswell was circumstantial and did not exclude every reasonable hypothesis except his guilt. He points out, with respect to the armed robbery and aggravated assault convictions, that something else, such as hitting his head on a tree limb, or tripping or having a stroke, could have caused Boswell to land unconscious on the ground. With respect to the theft by taking a motor vehicle conviction, he points out that no one saw him drive Boswell's truck.

As to the sufficiency of circumstantial evidence,

> a conviction on circumstantial evidence alone is authorized when the proved facts are consistent with the hypothesis of guilt, [and] exclude every other reasonable hypothesis save that of the guilt of the accused. OCGA § 24-4-6. The term "hypothesis" as used in OCGA § 24-4-6 refers to such reasonable inferences as are ordinarily drawn by ordinary men in the light of their experience in everyday life; the Code section does not mean that the act might by bare possibility have been done by somebody else, but that the State should show to a moral certainty that it was the defendant's act.

(Citation and punctuation omitted.) *Cobb*, supra at 430 (2). "Questions of reasonableness are generally decided by the jury, and this court will not disturb the jury's finding that the evidence was sufficient to exclude every reasonable hypothesis save that of guilt unless the verdict is unsupportable as a matter of law." (Punctuation omitted.) *Atchison v. State*.[8] "Viewing the evidence in the case sub judice

---

[4] *Terry v. State*, 224 Ga. App. 157, 159 (1) (b) (480 SE2d 193) (1996).

[5] *Lattimer v. State*, 231 Ga. App. 594, 595 (499 SE2d 671) (1998).

[6] *Zachery v. State*, 153 Ga. App. 531, 532 (265 SE2d 860) (1980).

[7] *Alford v. State*, 200 Ga. App. 483, 484 (408 SE2d 497) (1991).

[8] *Atchison v. State*, 181 Ga. App. 351, 352 (1) (352 SE2d 201) (1986).

in a light most favorable to the verdict, we conclude the jury rationally could have found that the evidence excluded every reasonable hypothesis except that of defendant's guilt." *Grover v. State*.[9]

Finally, Garrett argues that the State did not present sufficient evidence to sustain his conviction for possession of a tool for the commission of a crime under Count 5 of the indictment. Under OCGA § 16-7-20 (a), "[a] person commits the offense of possession of tools for the commission of crime when he has in his possession any tool, explosive, or other device commonly used in the commission of burglary, theft, or other crime with the intent to make use thereof in the commission of a crime." We find that Garrett's conviction under OCGA § 16-7-20 was improper, not because there was insufficient evidence to prove that he used a two-by-four or other blunt instrument in the commission of the crimes of which he was convicted, but because a two-by-four is not the kind of tool, the possession of which the statute was meant to penalize. While an item such as a two-by-four could be used in a burglary or theft, such an item is not commonly used in the commission of those crimes. *Burnette v. State*.[10] Any error, however, was harmless because Garrett's conviction under OCGA § 16-7-20 was merged with the armed robbery counts for purposes of sentencing, and he received no separate sentence on Count 5. The sentence is, therefore, valid. *Mitchell v. State*.[11]

*Judgment affirmed. Ellington and Phipps, JJ., concur.*

DECIDED SEPTEMBER 19, 2003.

*Elizabeth H. Eason,* for appellant.
*T. Joseph Campbell, District Attorney, Mickey R. Thacker, Assistant District Attorney,* for appellee.

[9] *Grover v. State*, 215 Ga. App. 907 (1) (452 SE2d 586) (1994).
[10] *Burnette v. State*, 168 Ga. App. 578, 580 (2) (309 SE2d 875) (1983).
[11] *Mitchell v. State*, 255 Ga. App. 585, 589-590 (565 SE2d 889) (2002).