A04A0139. DAVIS v. THE STATE.

(599 SE2d 237)

MILLER, Judge.

Following a jury trial, Daniel Austin Davis was convicted of aggravated assault and possession of a firearm during the commission of a felony. He appeals, claiming ineffective assistance of counsel in two respects: his counsel failed (1) to move to suppress his in-custody statements and (2) to have the videotape of his interview with police redacted to remove his use of profanity. We hold that evidence supported the trial court's finding that Davis failed to show that either of these decisions constituted ineffective assistance. Accordingly, we affirm.

Construed in favor of the verdict, the evidence showed that Davis, who was angry with his neighbors, decided to (in his words) "be an a\*\*hole" toward them. He began spying on them with a telescope and loudly profaning them while they hosted an Easter egg hunt in their yard. During the ensuing profanity-filled verbal altercation, a man visiting the neighbors came into Davis's yard to persuade Davis to cease the argument. Even though the unarmed man made no threats toward Davis, Davis pulled a gun from his pocket and shot at him, hitting him on the third shot. The injured man returned to the neighbors' yard, and police were called.

After Davis waived his *Miranda* rights, police interviewed him at the crime scene and videotaped a second interview with him at the police station. Repeating the profanity used by all parties, Davis in the interviews recounted the verbal altercation and claimed he was acting in self-defense when he shot the victim.

Davis was indicted for aggravated assault and possession of a firearm during the commission of a felony. A jury found him guilty on both counts. He moved for a new trial, claiming ineffective assistance in his counsel's failure to move to suppress the in-custody statements or to at least have the profanity redacted from the videotaped interview. The court denied the motion, and Davis appeals.

1. To prevail on a claim of ineffective assistance of counsel, a criminal defendant must prove that counsel's performance was deficient and that the deficient performance so prejudiced the defendant

that there is a reasonable likelihood that, but for counsel's errors, the outcome of the trial would have been different. *Chapman v. State*, 273 Ga. 348, 349-350 (2) (541 SE2d 634) (2001), citing *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984). "The criminal defendant must overcome the strong presumption that trial counsel's conduct falls within the broad range of reasonable professional conduct. [Cit.]" *Chapman*, supra, 273 Ga. at 350 (2). We affirm the trial court's decision on effective assistance of counsel unless the trial court's underlying findings are clearly erroneous. Id.

2. *Failure to File the Motion to Suppress.* Davis first claims that his counsel rendered ineffective assistance by failing to move to suppress his in-custody statements. "[F]ailure to pursue a futile motion does not constitute ineffective assistance." (Punctuation and footnote omitted.) *Rose v. State*, 263 Ga. App. 263, 264 (1) (b) (587 SE2d 326) (2003). Thus, "[w]hen trial counsel's failure to file a motion to suppress is the basis for a claim of ineffective assistance, the defendant must make a strong showing that the damaging evidence would have been suppressed had counsel made the motion. [Cit.]" *Richardson v. State*, 276 Ga. 548, 553 (3) (580 SE2d 224) (2003).

Davis made no attempt in the court below to show that a motion to suppress would have been successful, nor has he articulated such arguments in this Court. Since Davis "failed to show that a motion to suppress would have been granted had one been filed, the trial court did not err in finding that trial counsel's representation of [Davis] did not amount to ineffective assistance of counsel. [Cits.]" *Edenfield v. State*, 238 Ga. App. 362, 365 (519 SE2d 452) (1999). Moreover, the evidence at trial reflected that police informed Davis of his *Miranda* rights, that he waived same, that he was lucid, that police engaged in no coercive behavior, that police made no promises or threats during the interview process, and that Davis's statements were given freely and voluntarily. See *Roberts v. State*, 263 Ga. 807, 810 (2) (e) (439 SE2d 911) (1994) ("In light of the officer's testimony that appellant's *Miranda* rights were read to him, appellant did not make the requisite strong showing."). We discern no error.

3. *Failure to Redact Profanity from Videotape.* Davis claims that his trial counsel should have requested that Davis's profanity in the videotaped police interview be redacted from the videotape before being shown to the jury. Davis contends that the profanity unnecessarily included in the videotape prejudiced the jury against him. Davis, however, has cited no law or precedent requiring or authorizing a court to redact a defendant's use of profanity from a police interview, nor have we found any such legal authority. Indeed, since Davis was recounting the profanity-filled verbal altercation to police, his use of profanity was to be expected. We discern no deficient performance by trial counsel.

Moreover, even if Davis could show that his counsel's actions constituted deficient performance, Davis still could not show prejudice from his counsel's failure to request that the profanity be redacted from the videotape. Indeed, at trial during his live testimony, Davis chose on numerous occasions to use profanity to express his thoughts. Davis's repeated use of profanity at trial belies the notion that he was somehow prejudiced by the inclusion of profanity in the videotape. Nowhere in the court below or in this Court has Davis attempted to show that the profane language specifically used in the videotape affected the outcome of the trial, nor could he make such a showing based on his repeated use of vulgar language at trial independent of the content of the videotape.

The trial court did not clearly err in finding that Davis failed to carry his burden of showing ineffective assistance. Accordingly, the court did not err in denying Davis's motion for new trial.

*Judgment affirmed. Andrews, P. J., and Ellington, J., concur.*

DECIDED MAY 5, 2004.

*Hillary M. Krepistman*, for appellant.

*Daniel J. Porter, District Attorney, John S. Melvin, Assistant District Attorney*, for appellee.