## A04A0010. ROBINSON v. THE STATE.
### (600 SE2d 729)

MILLER, Judge.

Following a jury trial, Chad Robinson was convicted of aggravated battery and robbery by force. On appeal Robinson contends that (1) the evidence presented at trial was insufficient to sustain his conviction for robbery by force, and (2) the trial court improperly expressed its opinion as to Robinson's guilt in its jury charge on self-defense. We discern no error and affirm.

Viewed in the light most favorable to the verdict, the evidence reveals that Robinson made a bet on a pool game with the victim at a bar. At the time, the victim was carrying around $1,200 in his wallet. The victim lost the bet and ended up paying Robinson $40. The victim and Robinson went into the bathroom, where Robinson unexpectedly punched the victim in the face with such force that the victim lost consciousness and suffered several broken bones. No one else was in the bathroom with Robinson and the victim at the time of the attack, and Robinson ran out of the room just before the victim's friend entered the bathroom to find the victim in a semi-conscious state. The victim awoke in a pool of his own blood to find that the nearly $1,200 that he had in his wallet prior to the attack had been stolen.

At trial the judge gave an extensive pattern charge on self-defense. In one sentence of the charge, the judge stated that "[f]or the

---

[10] *Wright v. State*, 232 Ga. App. 104, 106 (2) (501 SE2d 543) (1998).

use of force to be justified under the law, the accused must have acted, really acted under the influence of [the fears of a reasonable person] and not in the spirit of revenge." Robinson was convicted of aggravated battery and robbery by force.

In his motion for new trial, Robinson argued that the court's charge on self-defense was erroneous, because the judge repeated the word "acted" in one of the sentences of the charge. Specifically, Robinson argued that the judge should have read the charge to say "[f]or the use of force to be justified under the law, the accused must have really acted under the influence of [the fears of a reasonable person] and not in the spirit of revenge," as opposed to "[f]or the use of force to be justified under the law, the accused must have *acted*, really acted under the influence of [the fears of a reasonable person] and not in the spirit of revenge." (Emphasis supplied.) Robinson claimed that the use of the word "acted" before the phrase "really acted" was tantamount to the trial judge expressing his opinion on the evidence. The trial court denied the motion for new trial, prompting this appeal.

1. Robinson contends that the evidence presented at trial was insufficient to sustain his conviction for robbery by force. We disagree.

On appeal from a criminal conviction, we view the evidence in the light most favorable to the verdict, and the defendant no longer enjoys the presumption of innocence. *Short v. State*, 234 Ga. App. 633, 634 (1) (507 SE2d 514) (1998). We do not weigh the evidence or determine witness credibility, but only determine if the evidence was sufficient for a rational trier of fact to find the defendant guilty of the charged offense beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

Here, the evidence revealed that Robinson punched the victim in the face, which caused the victim to lose consciousness. Prior to the attack, the victim had at least $1,200 in his wallet. No one else was in the bathroom with Robinson and the victim at the time that Robinson knocked the victim unconscious. Robinson ran out of the door just before the victim's friend entered the bathroom to find the victim regaining consciousness and realizing that his money had been stolen. Viewed in the light most favorable to the verdict, the evidence sufficed for the jury to conclude that Robinson was guilty of robbery by force. See OCGA § 16-8-40 (a) (1); cf. *Garrett v. State*, 263 Ga. App. 310-313 (587 SE2d 794) (2003) (evidence sufficed to sustain armed robbery conviction where direct and circumstantial evidence revealed that defendant knocked victim unconscious before stealing victim's wallet).

2. Robinson argues that the trial court inappropriately expressed its opinion on his guilt by using the word "acted" two times in one sentence of the jury charge. We disagree.

Pursuant to OCGA § 17-8-57, "[i]t is error for any judge in any criminal case, during its progress or in his charge to the jury, to express or intimate his opinion as to what has or has not been proved or as to the guilt of the accused." However, "[i]n order to determine whether a trial court has improperly expressed an opinion in its charge as to what has or has not been proved, the whole charge may be considered. OCGA § 17-8-57 is only violated when the court's charge assumes certain things as facts and intimates to the jury what the judge believes the evidence to be." (Citations omitted.) *Beam v. State*, 265 Ga. 853, 857 (5) (463 SE2d 347) (1995).

As defense counsel concedes, the trial court's second mention of the word "acted" in one sentence of the jury charge here stemmed from a mere slip of the tongue. Indeed, "[r]eviewing the charge as a whole, the sentence which [Robinson] enumerates as error appears not to have been an improper comment by the trial judge on the evidence, but rather a slip of the tongue as to a single word." *Dukes v. State*, 224 Ga. App. 305, 310-311 (6) (480 SE2d 340) (1997). The charge as a whole reveals that the trial judge gave sufficient context to the circumstances under which the jury could find that Robinson acted in self-defense, and further reveals that no violation of OCGA § 17-8-57 occurred here.

*Judgment affirmed. Andrews, P. J., and Ellington, J., concur.*

DECIDED JUNE 2, 2004.

*Fox, Chandler, Homans, Hicks & McKinnon, Robert L. Chandler*, for appellant.

*Jason J. Deal, District Attorney, Melissa J. Sanford, Assistant District Attorney*, for appellee.