## A10A0940. NYANE v. THE STATE.

(703 SE2d 53)

MILLER, Chief Judge.

A Madison County jury convicted Ousman Nyane of single counts each of attempted armed robbery (OCGA § 16-4-1), aggravated assault (OCGA § 16-5-21 (a) (1)), possession of a firearm during the commission of a crime (OCGA § 16-11-106 (b) (1)), and possession of tools for the commission of a crime (OCGA § 16-7-20).[1] Nyane appeals, contending that the trial court erred (i) in denying his motion for directed verdict of acquittal; (ii) in denying his motion for mistrial; and (iii) in admitting a still video image into evidence. Nyane also claims his trial counsel was ineffective. For the reasons set forth below, we affirm in part and reverse in part.

Viewed in the light most favorable to the jury's verdict (*Drammeh v. State*, 285 Ga. App. 545, 546 (1) (646 SE2d 742) (2007)), the evidence shows that in the early morning hours of September 23, 2007, Jedone Meadows was working at the Golden Pantry when two men entered the store, one of whom was Nyane. Armed with a gun and wearing a hood, Nyane demanded money from the safe and asked where it was located. Meadows told Nyane that he did not have access to the safe, but he would open the cash register for him. After Meadows opened the cash register, a struggle ensued between the two. Meadows attempted to disarm Nyane because he thought he "was going to get shot" and feared for his life. During the struggle, Nyane's gun discharged twice, the shots striking Meadows in the chest and leg. Nyane and the other male fled the store, leaving behind a cell phone. Meadows testified that Nyane was wearing body armor at the time and did not appear to be fazed when he struck him. The cell phone was later determined to belong to Corrie Norman. Meadows identified his assailant as the shorter male with the gun and the hood.

Captain Michael Benner of the Madison County Sheriff's Department investigated the incident and learned that Nyane might be found at an apartment in Lithonia. When the officer went to the apartment with an arrest warrant for Nyane's arrest and knocked on the door, he was met by Tracie Watson, who advised that Nyane was not there but she knew him. During a search of a bedroom closet, body armor was found on the floor. According to Captain Benner, Nyane later stated that he received a handgun and body armor from Corrie Norman the weekend of the robbery. At trial, the State introduced into evidence a CD of the store video, a still photograph

---

[1] Prior to trial, the offense of possession of a firearm by a convicted felon was bifurcated from the charges. After the jury reached its verdict, Nyane entered a guilty plea to this offense.

and a still image taken from the store's video, and body armor.

1. Nyane contends that the trial court erred in denying his motion for directed verdict of acquittal. We find no error with respect to Nyane's convictions of attempted armed robbery, aggravated assault and possession of a firearm during the commission of a felony, but find that the evidence was insufficient to support his conviction of possession of tools for the commission of a crime.

> The standard of review for the denial of a motion for directed verdict of acquittal is the same as that for reviewing the sufficiency of the evidence to support a conviction. We must determine whether after viewing the evidence in the light most favorable to support the verdict, any rational trier of fact could have found the elements of the crime beyond a reasonable doubt.

(Citation, punctuation and footnote omitted.) *Garrett v. State*, 263 Ga. App. 310 (587 SE2d 794) (2003).

Given Meadows's eyewitness testimony that Nyane approached him with a handgun while attempting to obtain money from the cash register, the evidence was sufficient to authorize Nyane's convictions for attempted armed robbery and possession of a firearm during the commission of a felony. See *Ferguson v. State*, 225 Ga. App. 490, 491 (1) (484 SE2d 296) (1997) (victim's testimony identifying defendant as the man who threatened his life and demanded his wallet supported conviction for criminal attempt to commit armed robbery) and OCGA §§ 16-4-1; 16-11-106 (b) (1), respectively. There also was ample evidence of Nyane's guilt of aggravated assault based on Nyane's act of firing two shots in the victim's direction, wounding him in the chest and leg. *Johnson v. State*, 190 Ga. App. 172, 173 (378 SE2d 700) (1989) (shots fired by defendant at the victim supported aggravated assault conviction); OCGA § 16-5-21 (a) (1).

The evidence, however, was insufficient to support Nyane's conviction of possession of tools for the commission of a crime for lack of evidence showing that body armor is a tool commonly used in the commission of attempted armed robbery. See OCGA § 16-7-20 (a); see also *Garrett*, supra, 263 Ga. App. at 312 (two-by-four is not a tool commonly used in the commission of a burglary or theft). Thus, we reverse Nyane's conviction of possession of tools for the commission of a crime.

2. Nyane argues that the trial court erred in denying his motion for mistrial after Captain Benner violated the trial court's ruling on his motion in limine when he testified that Nyane admitted his involvement in another incident. We are not persuaded.

We review a trial court's denial of a motion for mistrial for an

abuse of discretion. *Underwood v. State*, 218 Ga. App. 530, 534 (3) (462 SE2d 434) (1995).

The trial court granted Nyane's motion in limine to exclude any evidence of his admitted involvement in another criminal matter occurring in Elbert County. During cross-examination of Captain Benner, defense counsel inquired about Nyane's statement and whether Nyane denied committing the attempted armed robbery. Captain Benner replied, "Yes, he did. He admitted to other — to another incident in another county." Defense counsel then moved for a mistrial, which the trial court denied sub silentio, stating "he came close, but he caught himself." Thereafter, defense counsel did not ask for a curative instruction and Captain Benner made no further mention of any other incidents involving Nyane. We find no error in the trial court's denial of Nyane's motion for mistrial as the officer's testimony referred to another incident and not another crime per se. Nor has Nyane shown that a mistrial was essential to preserve his right to a fair trial. See *Chezem v. State*, 199 Ga. App. 869, 872 (4) (406 SE2d 522) (1991) (where defendant failed to demonstrate that a mistrial "was essential to preservation of a defendant's right to a fair trial, it is not an abuse of discretion to deny a motion for mistrial even where no curative instructions were given") (citation and punctuation omitted).

Even were it otherwise, any error was harmless in light of the overwhelming evidence of Nyane's guilt. *Walker v. State*, 197 Ga. App. 265, 266 (398 SE2d 217) (1990).

3. Nyane argues for the first time on appeal that the trial court erred in admitting State's Exhibit 5, a still image taken from the store's videotape of the incident because Captain Benner was not then present and could not authenticate it. This objection is waived as not raised and ruled on below.

When the State sought to admit State's Exhibit 5, Nyane objected on the grounds that the photograph did not reach a scientific stage of verifiable certainty necessary for its admission as it was digitally enhanced and changed by the officer's computer. Nyane now asserts a different objection on appeal, i.e., the officer was not present at the time of the crime and was not qualified to testify that the photograph was a fair and accurate depiction of the images therein. As such, this claim of error is waived. See *Chesser v. State*, 228 Ga. App. 164, 165 (1) (a) (491 SE2d 213) (1997) (defendant waived on appeal all issues of admissibility to which he failed to pose a specific objection at trial).

4. Nyane contends that he received ineffective assistance of counsel at trial because his attorney failed to file a motion to suppress the body armor. We disagree.

> To prevail on a claim of ineffective assistance of counsel, a criminal defendant must prove that counsel's performance was deficient and that the deficient performance so prejudiced the defendant that there is a reasonable likelihood that, but for counsel's errors, the outcome of the trial would have been different.

(Citations omitted.) *Davis v. State*, 267 Ga. App. 245, 245-246 (1) (599 SE2d 237) (2004). When a defendant urges ineffective assistance of counsel based on counsel's failure to file a motion to suppress, the defendant "must make a strong showing that the damaging evidence would have been suppressed had counsel made the motion." (Citations and punctuation omitted.) Id. at 246 (2).

Nyane argues that his arrest was unlawful because Madison County police were outside their jurisdiction in DeKalb County when they arrested him, rendering inadmissible the body armor taken from the apartment as fruit of the poisonous tree. Nyane maintains that counsel's failure to file a motion to suppress under this circumstance constitutes ineffective assistance of counsel.

It is well settled, however, that "[u]nder a warrant issued by a judicial officer, an arresting officer may, in any county without regard to the residence of the arresting officer, arrest any person charged with a crime." OCGA § 17-4-25 (a). Here, it is undisputed that Captain Benner had an arrest warrant for Nyane when he found him in a Lithonia apartment hiding in a shower. Even if Captain Benner was not authorized to arrest Nyane outside the jurisdictional limits of Madison County, Nyane did not introduce evidence at the motion for new trial hearing that Captain Benner lacked probable cause to arrest him, that Watson did not consent to the search of the apartment, or that he had standing to object to the search of the apartment. Thus, Nyane did not make a strong showing that the body armor would have been suppressed had his counsel pursued a motion to suppress. *Davis*, supra, 267 Ga. App. at 246 (2). As such, Nyane's failure to pursue a meritless motion does not constitute ineffective assistance. *Souder v. State*, 301 Ga. App. 348, 353 (4) (a) (687 SE2d 594) (2009).

*Judgment affirmed in part and reversed in part. Phipps, P. J., and Johnson, J., concur.*

DECIDED OCTOBER 27, 2010 — 

*Harvey S. Wasserman*, for appellant.

*Robert W. Lavender, District Attorney, James W. Webb, Assistant District Attorney*, for appellee.