**FIFTH DIVISION**
**REESE, P. J.,**
**MARKLE and COLVIN, JJ.**

**NOTICE: Motions for reconsideration must be** *physically received* **in our clerk's office within ten days of the date of decision to be deemed timely filed. Please refer to the Supreme Court of Georgia Judicial Emergency Order of March 14, 2020 for further information at (https://www.gaappeals.us/rules).**

**May 21, 2020**

# In the Court of Appeals of Georgia

A20A0151. BAILEY v. THE STATE.

COLVIN, Judge.

After a jury trial, Domita Jo Bailey was convicted of one count of simple battery.[1] The trial court sentenced her to 12 months' probation and 240 hours of community service, and prohibited her from working with the elderly or in any facility that houses the elderly. After the denial of her motion for new trial, the trial court granted her motion for an out-of-time appeal. On appeal, Bailey argues that the evidence was insufficient to support her conviction. For the following reason, we affirm.

---

[1] The jury acquitted Bailey of one count of abuse of a resident in a long-term care facility in violation of OCGA § 15-6-102.

On appeal from a criminal conviction, a defendant no longer enjoys the presumption of innocence, and the evidence is viewed in the light most favorable to the guilty verdict. When an appellant challenges the sufficiency of the evidence, the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.

(Citations and punctuation omitted; emphasis in original.) *Anderson v. State*, 248 Ga. App. 322, 322 (822 SE2d 684) (2018).

So viewed, the evidence shows that on April 23, 2014, Bailey was working at UniHealth Acute Post-Care Center ("UniHealth"), a long-term care and rehabilitation facility for the elderly. Vametra Gadson was working as a certified nurse assistant at UniHealth on the same night. At about 6:00 a.m., Gadson was in Room 308, assisting a resident with getting up for breakfast. As Gadson was making the resident's bed, she heard a "lick," which she described as a hitting sound, coming from Room 313, across the hallway. The victim, an 83-year-old resident of UniHealth with dementia and a feeding tube, was in Room 313. Gadson heard the "lick" sound three times and a resident in the room groan. When Gadson looked across the hallway to Room 313, she noticed that the privacy curtain was halfway drawn around the victim's bed. Despite the curtain, Gadson testified that she could still see that Bailey was facing the

2

victim in her bed, and noticed "the shadow of a hand. The movement of her hand." Gadson testified that she asked herself at that moment if Bailey had hit the victim.

Gadson then walked into Room 313 and saw Bailey. Bailey seemed surprised to see Gadson. The victim had feces on her hand, and Bailey then looked at Gadson and said "Look at all this shit!" Gadson testified that Bailey appeared frustrated with the situation. Bailey then told the victim to "get your hands off of me." The victim repeated, "Get your hands off of me." The victim had previously repeated what was spoken to her.

Gadson testified that there were no other employees in the vicinity of Room 313 when she heard the slapping noises. Gadson demonstrated the volume of the slaps that she heard for the jury, and testified that it was a loud sound. Gadson was certain of what she had heard and indicated that it was possible that Bailey had slapped the victim.

Gadson hesitated to report the incident at first because she did not want to get another employee in trouble, but she then went to the nurses' station to tell a supervisor what she had heard. A detective with the Chamblee Police Department arrived at UniHealth to investigate the incident. He spoke to the victim, but she did not remember what happened due to her dementia. The detective testified that the

victim was "fairly dark skinned[,]" and he did not see any injuries on her. The detective then advised Bailey of her *Miranda* rights and she agreed to speak with him. Bailey told the detective that she did not slap the victim, but showed the detective a hand motion that she actually did. Bailey explained that the victim had feces on her hand and was about to touch her face, and that Bailey had made a hand motion as if you were to slap the hand of a child that was touching something dangerous. At the conclusion of the interview, the detective placed Bailey under arrest.

Rosie Walton, a nurse at UniHealth, examined the victim after Gadson's report. Walton performed a full body examination of the victim, but found no injuries.

At the conclusion of the trial, the jury acquitted Bailey of abuse of a resident in a long-term care facility in violation of OCGA § 15-6-102, but found her guilty of one count of simple battery.

Bailey argues on appeal that the evidence presented at trial was insufficient to sustain her conviction for simple battery because it was wholly circumstantial and did not exclude every reasonable hypothesis save that of her guilt. We disagree.

Count 2 of the indictment charged Bailey

with the offense of SIMPLE BATTERY in violation of OCGA § 16-5-23 for the said accused person . . . did intentionally make physical

4

contact of an insulting and provoking nature, to wit: the accused slapped and hit [the victim], said person being 65 years of age or older.

OCGA § 16-5-23 (a) (2) provides that "[a] person commits the offense of simple battery when he or she . . . [i]ntentionally makes physical contact of an insulting or provoking nature with the person of another[.]"[2] "Physical contact is required to prove simple battery." *Hancock v. State*, 188 Ga. App. 870, 870 (374 SE2d 757) (1988).

"To warrant a conviction on circumstantial evidence, the proved facts shall not only be consistent with the hypothesis of guilt, but shall exclude every other reasonable hypothesis save that of the guilt of the accused." OCGA § 24-14-6.

Nevertheless, although the circumstantial evidence must exclude every other *reasonable* hypothesis save defendant's guilt, it need not exclude every inference or hypothesis. If the evidence meets this test, circumstantial evidence is as probative as direct evidence. Whether this burden has been met is a question for the jury. When the jury is authorized to find the evidence, though circumstantial, was sufficient to exclude every reasonable hypothesis except the defendant's guilt, the

---

[2] Although the offense is generally a misdemeanor, it becomes a misdemeanor of a high and aggravated nature under certain circumstances, such as when it is committed against a person who is 65 years or older. OCGA § 16-5-23 (b).

5

verdict will not be disturbed unless the verdict is insupportable as a matter of law.

(Citations and punctuation omitted; emphasis in original.) *Savage v. State*, 229 Ga. App. 560, 562 (494 SE2d 359) (1997). Accord *Brown v. State*, 301 Ga. 728, 730-731 (2) (804 SE2d 16) (2017). However, "we must not be blinded by [a jury's] verdict when a reasonable hypothesis of innocence appears from the evidence or lack thereof, and may declare such as a matter of law." (Footnote omitted.) *Gresham v. State*, 298 Ga. App. 136, 139-140 (1) (679 SE2d 344) (2009).

The facts in this case authorized the jury to exclude every other reasonable hypothesis save that of Bailey's guilt. Bailey argues that the circumstantial evidence was not sufficient to support a finding that she made contact with the victim and that the evidence presented did not exclude the reasonable hypothesis that the sounds Gadson heard were the sounds of the victim "hitting . . . Bailey or something else in the room." However, the investigating officer testified that Bailey told him during the interview that the sound had come from a hand motion that she did to prevent the victim from touching her face with a feces-covered hand. Gadson testified that the slapping sound happened several times, that it was loud, that Bailey was facing the victim at the time of the slapping sound, and that Gadson saw the shadow of a hand

6

move about the same time the sound was heard. Furthermore, Gadson testified that Bailey appeared to be agitated and frustrated by the victim's dirty hands and behavior and that Bailey told the victim to get her hands off of her. "Viewing the evidence in the case . . . in a light most favorable to the verdict, we conclude that the jury rationally could have found that the evidence excluded every reasonable hypothesis except that of defendant's guilt." (Punctuation and footnote omitted.) *Garrett v. State*, 263 Ga. App. 310, 312 (587 SE2d 794) (2003). See *Fitzgerald v. State*, 201 Ga. App. 361, 363 (1) (411 SE2d 102) (1991) (circumstantial evidence sufficient to support simple battery conviction where victim felt something touch the back of her thigh and then turned around to see defendant standing a few feet away from her and fiddling with a camera). Compare *Ewumi v. State*, 315 Ga. App. 656, 665 (2) (b) (727 SE2d 257) (2012) (the evidence was insufficient to support defendant's conviction for simple battery when there was no evidence, direct or circumstantial, that the defendant's elbow made contact with the officer as alleged in the indictment); *Gresham v. State*, 298 Ga. App. 136, 137 (the evidence was insufficient to support convictions for aggravated assault and possession of a firearm during the commission of a crime when although the state presented evidence that the weapon found in co-

defendant's care was connected to the scene of the shooting, there was no evidence connecting defendant to the weapon or to the scene of the shooting).

*Judgment affirmed. Reese, P. J., and Markle, J., concur*.