## A03A2295. REYNOLDS v. THE STATE.
### (595 SE2d 606)

JOHNSON, Presiding Judge.

A Hall County grand jury returned an indictment charging Roxanne Reynolds with the sale of methamphetamine. Reynolds pled not guilty to the charge and was tried before a jury. The jury found Reynolds guilty of the indicted offense of selling methamphetamine. The trial court imposed a sentence of fourteen years, six of which are to be served in confinement and the remainder on probation.

Reynolds appeals from her conviction, arguing that the trial court erred in refusing to direct a verdict of acquittal at the close of the case-in-chief on the basis that the state had failed to prove venue in Hall County beyond a reasonable doubt. Reynolds concedes in her brief that the state introduced rebuttal testimony establishing venue in Hall County, but she asks us to ignore that testimony. We cannot, however, ignore such evidence.

"A motion for a directed verdict of acquittal should be granted only when there is no conflict in the evidence and the evidence with all reasonable deductions and inferences therefrom demands a verdict of acquittal as a matter of law."[1] On appeal from the denial of a motion for directed verdict of acquittal, the reviewing court is not limited to considering only evidence presented in the case-in-chief, but may consider all the evidence in the case and must consider that evidence in the light most favorable to the verdict.[2]

In the instant case, the state presented rebuttal testimony from the undercover police officer who participated in the purchase of methamphetamine from Reynolds. He testified without objection that the crime took place in the parking lot of a Waffle House restaurant located on Highway 60 in Hall County. Because this evidence proved venue beyond a reasonable doubt, we find no error in the trial court's denial of Reynolds' motion for a directed verdict of acquittal.[3]

*Judgment affirmed. Eldridge and Mikell, JJ., concur.*

---

[1] (Citations omitted.) *White v. State*, 258 Ga. App. 546, 547 (1) (574 SE2d 629) (2002).

[2] *Bethay v. State*, 235 Ga. 371, 375 (1) (219 SE2d 743) (1975); *White*, supra.

[3] See *Williams v. State*, 246 Ga. App. 347, 352 (1) (540 SE2d 305) (2000).

DECIDED FEBRUARY 23, 2004.

*William B. Hollingsworth*, for appellant.
*Jason J. Deal, District Attorney, Kiesha R. Storey, Assistant District Attorney*, for appellee.