## A04A1345. HOLLIS v. THE STATE.
(603 SE2d 516)

PHIPPS, Judge.

Dennis Hollis was found guilty of two counts of child molestation and one count of aggravated child molestation of his girlfriend's two young sons.[1] He appeals, arguing that the trial court erred by denying his motion to strike a juror for cause, by giving an improper *Allen* charge, and by preventing him from mentioning exculpatory evidence during his opening statement. He also argues that the state failed to prove venue on one of the child molestation counts. We agree with Hollis's venue argument, but we reject his other contentions. Accordingly, we affirm in part and reverse in part.

1. Hollis argues that the trial court erred by denying his motion to excuse a prospective juror for cause. We disagree.

The law presumes that potential jurors are impartial, and the burden of proving partiality lies with the party seeking to have the juror disqualified.[2] The court must excuse a potential juror for cause based on the juror's partiality, however, if "an opinion held by the potential juror is so fixed and definite that the juror will be unable to set the opinion aside and decide the case based upon the evidence or the court's charge upon the evidence."[3] Whether to excuse a juror for cause lies within the sound discretion of the court.[4]

During general questioning of the jury panel, the prosecutor asked whether any juror had known a victim of sexual abuse. Juror 32 raised his hand. During individual questioning, Juror 32 explained that while he was courting his wife in Guyana, "her best friend had a son who was brutally raped and murdered." He stated that the incident "has some lasting [e]ffect." Defense counsel asked whether "the experience of what happened [in] Guyana would affect [him] in this case," and he responded, "Personally and truthfully, I think it will." Defense counsel then asked whether Juror 32 could "set it aside," and he answered, "I'll try, but I can't guarantee . . . an unbiased position."

The court then engaged in the following exchange with Juror 32:

---

[1] Hollis was found not guilty of four other counts of aggravated child molestation and one other count of child molestation.

[2] *Kim v. Walls*, 275 Ga. 177, 179 (563 SE2d 847) (2002).

[3] (Citation and punctuation omitted.) *McCannon v. State*, 268 Ga. 393, 395 (4) (489 SE2d 801) (1997).

[4] *Garland v. State*, 263 Ga. 495, 496 (1) (435 SE2d 431) (1993); *Doss v. State*, 264 Ga. App. 205, 210 (4) (590 SE2d 208) (2003).

THE COURT: Let me ask you, [Juror 32], would you be able to listen to the evidence in this case and understand that it has nothing to do with what went on in Guyana?

[JUROR 32]: Sure, I would.

THE COURT: Would you be able to listen to it with an open mind?

[JUROR 32]: I may be able to listen with an open mind, but I can't guarantee what my conclusion may be.

THE COURT: Well, we're not asking you to guarantee what your conclusion might be, and we're not asking anyone to guarantee that. What we're asking is whether or not you can be fair and impartial and just listen to the facts and the evidence and listen to the law I'm going to give you and apply the law in a fair an[d] impartial fashion. Can you do that? It's not whether it would be difficult; it's not whether it would be easy. It's whether you can do that. That's your oath.

[JUROR 32]: I can listen.

Defense counsel later moved to strike Juror 32 for cause, but the court denied the motion on the ground that the juror had indicated that he could be fair. Defense counsel exercised a peremptory strike to excuse him.

Hollis argues that the court "intervened" and "impermissibly" rehabilitated Juror 32 after he had expressed doubts about his ability to be impartial. As we recognized in *Doss v. State*,[5]

[w]hen some hint of juror bias or partiality appears, it is an abuse of discretion to cut off inquiry and rely on an affirmative answer to a rehabilitative question from the bench as a talisman to show that the juror has magically, suddenly become unbiased and impartial.[6]

But that did not happen here. The record shows that both the prosecutor and defense counsel were allowed to question Juror 32 fully and that defense counsel had ended his inquiry and thanked the juror before the court began asking questions. Thus, the court did not curtail inquiry of Juror 32.

Nor did the court abuse its discretion by refusing to excuse Juror 32 for cause. Hollis cites *Cannon v. State*,[7] in which we held that a trial court should have excused for cause a juror who knew the victim,

---

[5] Supra.

[6] (Footnote omitted.) Id. at 210 (4) (a).

[7] 250 Ga. App. 777 (552 SE2d 922) (2001), overruled in part on other grounds, *Jackson v. State*, 254 Ga. App. 562, 567 (4) (562 SE2d 847) (2002).

had discussed the crime with the victim shortly after the incident, and stated that their relationship and her conversation with the victim "might affect her emotionally."[8] We held that, under those circumstances, the court had failed to ask the juror sufficiently detailed questions to determine the nature of her relationship with the victim and the subject matter of their conversation about the crime which would "allow the court to make an *objective* evaluation of her partiality."[9]

This case is markedly different from *Cannon*. Juror 32 did not know the victim. He had not personally been the victim of a crime similar to the ones with which Hollis was charged; rather, he knew someone whose son had been sexually assaulted. More importantly, he indicated that he recognized that what had happened to his acquaintance's son had nothing to do with Hollis's case and that he could listen to the evidence in Hollis's case with an open mind.

As the state points out, the facts here are strikingly similar to those in *Garland v. State*,[10] in which a potential juror in a child molestation case stated that she would have trouble being impartial because she was pregnant and had a friend whose children had been sexually abused by their father. The juror said that she would try to put aside her feelings and base her decision on the evidence, but that she could not predict what she would do. The trial court refused to excuse her for cause, and we affirmed. We noted that the record did not show that she had a "compelling bias or interest in the outcome of the case which would disqualify her as a matter of law."[11] Rather, the record showed that she was "troubled by the emotional aspects" of the case, but "would try to put her emotions aside and decide the case based on the evidence."[12] Likewise, although Juror 32 appeared troubled by the issue of sexual assault, he indicated that he could listen to the evidence with an open mind. The court did not abuse its discretion in refusing to excuse him for cause.

2. Count 5 of the indictment charged Hollis with committing child molestation in DeKalb County by placing his mouth on the mouth of A. F. sometime between January 1, 1997, and August 31, 1999. Hollis argues that the state failed to prove venue on this count beyond a reasonable doubt. We agree.

> Venue is a jurisdictional fact, and is an essential element in proving that one is guilty of the crime charged. Like every

---

[8] 250 Ga. App. at 779 (1).

[9] (Emphasis in original.) Id. at 780 (1).

[10] 263 Ga. 495 (1) (435 SE2d 431) (1993).

[11] Id. at 497 (1).

[12] Id.

other material allegation in the indictment, venue must be proved by the prosecution beyond a reasonable doubt. Proof of venue is a part of the State's case, and the State's failure to prove venue beyond a reasonable doubt renders the verdict contrary to law, without a sufficient evidentiary basis, and warrants reversal.[13]

The state may use both direct and circumstantial evidence to prove venue. "It must, however, come forth in all criminal prosecutions with evidence to show beyond a reasonable doubt that venue is properly laid."[14]

A. F.'s mother, Q. F., testified that Hollis lived with her and her two sons, A. F. and T. A., at an apartment on Line Circle in Decatur from 1997 until the end of 1998 or the beginning of 1999. DeKalb County Police Detective J. P. Vanderpool testified that the Line Circle address is located in DeKalb County. Q. F. testified that she and her sons then moved to Sunset Boulevard in Fulton County and that Hollis lived with them there until she asked him to leave in September 1999. Thus, during part of the time specified in Count 5 of the indictment, the family lived in DeKalb County, and during the remainder of the time they lived in Fulton County.

A. F., who was seven years old at the time of trial, was called to the stand, but he was unresponsive to questions about the alleged molestation. His brother, T. A., who was ten years old at the time of trial, testified about a variety of sexual acts that Hollis initiated with him and with A. F. at both the Line Circle and the Sunset Boulevard addresses. But T. A. did not testify that Hollis put his mouth on A. F.'s mouth, which was the substance of Count 5. Harriet Davis of the Georgia Center for Children, a children's advocacy center, testified that she interviewed A. F. and he told her, among other things, that Hollis had put his tongue in his mouth. There was no evidence, however, about where or when the mouth-on-mouth incident occurred.

We will affirm a jury's conclusion that venue was proper if there is any evidence to support it,[15] but in this case there was no evidence of venue for the allegations in Count 5. Accordingly, we must reverse Hollis's conviction on Count 5 of the indictment.

---

[13] (Punctuation and footnotes omitted.) *Jones v. State*, 272 Ga. 900, 901-902 (2) (537 SE2d 80) (2000).

[14] Id. at 903 (2).

[15] *Downs v. State*, 257 Ga. App. 696, 698 (572 SE2d 54) (2002).

3. Hollis contends that the trial court abused its discretion by giving the jury an unnecessary and coercive *Allen* charge. We disagree.

"It is within the trial court's discretion to determine whether and when to give an *Allen* charge."[16] The record shows that when the court decided to give the charge, the jury had been deliberating for two days, had submitted five communications to the court (including two indicating a split vote), and had reviewed the videotapes of Davis's interviews with A. F. and T. A. Under these circumstances, the court did not abuse its discretion in giving an *Allen* charge.[17] And as the charge was virtually identical to that approved by our Supreme Court in *Spaulding v. State*,[18] it was not unfairly coercive.[19]

4. Finally, Hollis argues that he was improperly denied the opportunity to refer to potentially exculpatory evidence in his opening statement. We find no harmful error.

During a videotaped interview, A. F. said that his "Uncle Jeff" — who apparently is someone other than Hollis — had touched him inappropriately. The state moved in limine to redact that statement from the videotape and exclude any mention of it, but the court reserved ruling on the motion pending a viewing of the unredacted videotape. The court had not ruled on the motion at the start of trial, and defense counsel did not mention the "Uncle Jeff" evidence during his opening statement. Ultimately, however, the court denied the motion; the jury saw the unredacted videotape; defense counsel cross-examined Davis about A. F.'s reference to "Uncle Jeff"; and counsel discussed the evidence in closing argument.

Even assuming that the court erred by not ruling on the motion in limine before trial — thereby effectively preventing Hollis from mentioning the "Uncle Jeff" evidence in his opening statement — Hollis has not shown that he was harmed.[20] To prove harm, Hollis must show that it is highly probable that the error contributed to the verdict.[21] Because the "Uncle Jeff" evidence was presented to the jury and discussed in closing argument, we find no harm.

*Judgment affirmed in part and reversed in part. Smith, C. J., and Johnson, P. J., concur.*

---

[16] (Footnote omitted.) *Ramos v. State*, 252 Ga. App. 106, 108 (2) (555 SE2d 779) (2001).

[17] See id.

[18] 232 Ga. 411, 413-414 (4) (207 SE2d 43) (1974).

[19] See *Craft v. State*, 254 Ga. App. 511, 517 (8) (563 SE2d 472) (2002).

[20] See, e.g., *Evans v. State*, 233 Ga. App. 879, 880 (2) (506 SE2d 169) (1998) (harm as well as error must be shown to warrant reversal of criminal conviction).

[21] *Shirley v. State*, 259 Ga. App. 503, 505 (578 SE2d 163) (2003).

DECIDED AUGUST 16, 2004.

*Novy, Jaymes & Vaughan, Deborah M. Vaughan*, for appellant.
*Jeffrey H. Brickman, District Attorney, Robert M. Coker, Assistant District Attorney*, for appellee.