## A05A0359. WILLIAMS v. THE STATE.
### (615 SE2d 160)

RUFFIN, Chief Judge.

A jury found James Williams, Jr. guilty of burglary. On appeal, Williams claims he was denied effective assistance of counsel because trial counsel did not request a jury charge on identification, which was Williams's only defense. For the following reasons, we find that Williams's sole enumeration of error lacks merit, and we affirm.

Williams was charged with entering Ericka Reese's apartment in the early morning hours of August 30, 2003, while she and her children were sleeping, and taking her purse. Reese testified that she awoke at 3:51 a.m. and saw a stranger at the end of her bed. Reese screamed, and the perpetrator fled. Reese followed him as far as the front door. When the perpetrator opened the front door, the exterior lighting allowed Reese to determine his race and to see that he was wearing a white shirt with the sleeves cut off, dark tennis shoes, and dark shorts. He was short, slight of build, and had a "low haircut." Reese also saw the side of his face as he went down the steps from her apartment.

Reese immediately called police, and they responded within five minutes. Patrol officers in the area heard the perpetrator's description broadcast over the radio, and upon entering the apartment complex saw Williams, who fit the description given. An officer stopped Williams as he was standing in the doorway of a storage room for one of the apartment buildings. Williams had about $25 in bills and a large amount of change in his pocket. In the storage room, police discovered Reese's purse and identification. There was no money in the purse when police recovered it, although Reese testified that she had between $20 and $30 in cash in her purse when it was taken.

Williams was taken into custody, and Reese was asked to identify him at the scene. Reese stated that Williams "had on the same thing that the person had [on who] ran out of my house. He was the same height, same haircut, same shoes, same shorts, same kind of shirt."

Reese also testified that Williams's profile looked the same as the profile of the man who fled her apartment. Williams testified that at the time of his arrest, he was wearing dark shorts, a white sleeveless shirt, black tennis shoes and had short hair. Based on this and other evidence, the jury found Williams guilty of burglary.

Williams's trial counsel did not request a separate jury charge on identification. After he was convicted, Williams moved for a new trial, claiming that he received ineffective assistance of counsel based upon his attorney's failure to request such jury instruction. The trial court denied Williams's request.

In order to show ineffective assistance of counsel, Williams "must prove that counsel's performance was deficient and that the deficient performance so prejudiced [Williams] that there is a reasonable likelihood that, but for counsel's errors, the outcome of the trial would have been different."[1] We will affirm a trial court's ruling on a claim of ineffective assistance of counsel unless the ruling is clearly erroneous.[2]

The result in this case is governed by the recent Supreme Court case of *Springs v. Seese*, 274 Ga. 659 (558 SE2d 710) (2002). In *Springs*, the two victims had seen the perpetrator, at night and under street lights, for several seconds. One identified Seese as the perpetrator in a photographic lineup, and both identified him in court.[3] Misidentification was the main theme of defense counsel's closing argument.[4] No charge was given on identification, but the jury was charged on the presumption of innocence, reasonable doubt, burden of proof, credibility of witnesses, and impeachment of witnesses.[5] The jury was also charged that, to convict, they must find beyond a reasonable doubt that "*the defendant did* in Cobb County ... commit the offenses of aggravated assault, as alleged in . . . the bill of indictment."[6] The Supreme Court held that, under these circumstances, there was "no reasonable probability that if a separate charge on identity had been given, the outcome of the trial would have been different."[7]

As in *Springs*, Williams cannot demonstrate a reasonable likelihood that the outcome of the trial would have been different had

---

[1] *Davis v. State*, 267 Ga. App. 245, 245-246 (1) (599 SE2d 237) (2004).

[2] See id. at 246; *Chapman v. State*, 273 Ga. 348, 350 (2) (541 SE2d 634) (2001).

[3] See *Springs*, supra at 661-662 (3).

[4] See id. at 662 (3).

[5] See id.

[6] (Punctuation omitted; emphasis in original.) Id.

[7] Id.

counsel requested a charge on identification. "The law does not require that a trial judge warn a jury against the possible dangers of mistaken identification of an accused as the person committing a crime."[8] Even when identification is the sole defense, if the trial court has "thoroughly and correctly charged the jury on the presumption of innocence, reasonable doubt, burden of proof, credibility of witnesses, and impeachment of witnesses," the jury has been properly instructed as to the general principles of law related to identification, and there is not a reasonable likelihood that the jury would have reached a different verdict if a separate instruction on identification had been given.[9]

Here, it is evident that Williams's attorney pursued the defense of mistaken identity. Specifically, trial counsel cross-examined the victim regarding her opportunity to accurately identify Williams, asking questions regarding the time of day, her level of alertness, the lighting, and the length of time she had to view his face. Trial counsel also moved for a directed verdict based on lack of identification.

Moreover, jurors in this case received proper instruction on the relevant legal principles. The jury, as in *Springs*, was correctly charged on the presumption of innocence, the burden of proof, reasonable doubt, the credibility of witnesses, impeachment of witnesses, and direct and circumstantial evidence. The court also instructed jurors that they had to find beyond a reasonable doubt that Williams committed the crime. The jury was charged that they could convict only if they found "beyond a reasonable doubt that the Defendant, in Clayton County, Georgia, did . . . commit the violation of burglary as alleged in the indictment." Under these circumstances, considering the charge in its entirety, Williams is unable to establish the prejudice necessary for a claim of ineffective assistance of counsel. He has shown "no reasonable probability that if a separate charge on identity had been given, the outcome of the trial would have been different."[10]

*Judgment affirmed. Johnson, P. J., and Barnes, J., concur.*

DECIDED MAY 19, 2005.

*Antonio L. Toliver*, for appellant.

---

[8] *Brown v. State*, 260 Ga. App. 627, 630 (2) (580 SE2d 348) (2003); see also *Weems v. State*, 268 Ga. 515, 517 (5) (491 SE2d 325) (1997).

[9] *Springs*, supra at 662 (3); see also *Clay v. State*, 232 Ga. App. 656, 658 (1) (c) (503 SE2d 560) (1998).

[10] *Springs*, supra at 662 (3); *Brown*, supra at 630-631 (2).

*Robert E. Keller, District Attorney, Richard C. Brown, Assistant District Attorney*, for appellee.