## A05A1064. SCHAFF v. THE STATE.
(621 SE2d 595)

SMITH, Presiding Judge.

Laird Rudolpho Schaff was charged by accusation with thirty-nine counts of prohibited treatment of animals and one count of operating an animal establishment without a permit. The trial court granted a directed verdict of acquittal on the permit charge and ten counts of prohibited treatment. A jury found him guilty on the remaining 29 counts. Schaff appeals from the judgment of conviction and sentence entered on the jury's verdict. He raises four enumerations of error, alleging that the State failed to prove venue, that he received ineffective assistance of counsel, that the trial court erroneously charged the jury regarding a county ordinance but sentenced him under a state statute, and that his right to due process of law was violated because he was not afforded a pre-sentence hearing. We find no merit in any of Schaff's enumerations of error, and we affirm the judgment.

The record shows that a Clayton County Housing Code Inspector went to Schaff's home to investigate after receiving a complaint about odors emanating from Schaff's house trailer. No one was home, and the inspector left a citation for sanitation violations. Two inspectors returned to the trailer a few days later, and the "horrendous" odor of cats was still present, even from outside the trailer. Schaff was at home and allowed the inspectors to enter the trailer, where more than 25 cats were found. One inspector testified at trial that the cats "were everywhere. They were on top of the cabinets, in the cabinets, everywhere. They were all around." Cat waste was all over the floor, the few litter boxes were dirty, cat food was strewn about, and the house in general "was filthy." Clayton County Animal Control picked up the cats that day.

A veterinarian qualified as an expert in animal medicine and forensics testified that she and her staff took 33 of Schaff's cats from Clayton County Animal Control to their clinic. She testified to the cats' deplorable condition. Every single cat that had been living in Schaff's trailer had ear mites. Several cats had abraded or sore genitals and bladder or uterine infections. Some had sores or abscesses that required surgery or antibiotics. Some were dehydrated, and all were underweight and malnourished. A number of the cats had contracted serious diseases seen only in cats kept in "a filthy living environment." Several cats succumbed to this condition while under the care of the veterinarian despite all attempts to save them, and some pregnant cats lost their kittens despite emergency Caesarean sections.

1. Schaff contends that venue was not proved. We do not agree. Venue is a jurisdictional fact; it is an essential element in proving

guilt. *Hollis v. State*, 269 Ga. App. 159, 161 (2) (603 SE2d 516) (2004). The State has the burden of proving venue beyond a reasonable doubt, but it may do so using circumstantial, as well as direct, evidence. Id. at 162 (2).

Here, the housing inspector testified on both direct and cross-examination that Schaff's house trailer was in Clayton County. It is true, as Schaff points out, that when pressed on cross-examination the inspector qualified her previous testimony somewhat. She testified that she was "not positive" that Schaff's home was in Clayton County, but she remained "pretty sure." Whether the State has proved venue, however, is a question for the jury, and we will affirm a jury's conclusion that venue is proper if any evidence supports it. *Hollis*, supra at 162 (2). The housing inspector's testimony was sufficient to authorize the jury to conclude that venue was proper.

2. Schaff next alleges that he received ineffective assistance from his trial counsel. He points to five instances in which he alleges that counsel's performance was deficient. None of the cited instances supports a conclusion that Schaff received ineffective assistance of counsel.

(a) The first ground alleged by Schaff is trial counsel's failure to take action when the State failed to prove venue. We have determined, however, that venue was proved sufficiently to support the jury's apparent conclusion that venue was proper. "Failure to raise a meritless objection cannot constitute ineffective assistance of counsel." (Citations and punctuation omitted.) *Wright v. State*, 265 Ga. App. 855, 858 (1) (c) (595 SE2d 664) (2004).

(b) The second and third instances pointed to by Schaff relate to the form of the accusation and the sentence. He complains of his trial counsel's "failure to object to the lack of legal citation" in the accusation or to obtain a copy of the county ordinance on which he was tried, and of counsel's failure to object when he was sentenced for state misdemeanors even though he was accused of violating county ordinances.

"It is immaterial what the offense is called, if the averments of the presentment are such as to describe an offense against the laws of the state." (Citations and punctuation omitted.) *State v. Eubanks*, 239 Ga. 483, 484 (238 SE2d 38) (1977). "[T]he description of the crime, rather than the description and number of the section under which it appears in the Code . . . furnishes the criterion for determining whether the indictment [or accusation] is good." (Citations and punctuation omitted.) *Hill v. State*, 257 Ga. App. 82, 84 (1) (570 SE2d 395) (2002). Here, although the accusation did not cite a particular ordinance or statute, it is clear from the language in each of the charges that Schaff was accused of violating county ordinances.

Under the discovery process applicable to misdemeanors, OCGA §§ 17-16-21, 17-16-22, and 17-16-23, no provision dictates that an accused be given certified copies of county ordinances. The State furnished Schaff with a witness list, a copy of the accusation, and a copy of all scientific reports, as required. The State also showed Schaff the county ordinance before tendering it to the court, and it was admitted properly.

Similarly, it is true that each paragraph in the sentencing document is captioned "Cruelty to Animals," which is the corresponding state statute. Under the corresponding statute, Schaff could have been sentenced to up to 12 months on each charge. The order clearly sentences Schaff to no more than six months on each charge, the maximum provided for by the ordinance. The erroneous captions therefore did Schaff no harm, nor did they create a fatal variance between the accusation and the conviction and sentence. Reversing Schaff's convictions on this ground would be an absurd elevation of form over substance.

(c) Contrary to Schaff's allegation, his trial counsel did voice concerns about admitting into evidence the photographs of the cats. Defense counsel requested and was permitted to voir dire the veterinarian regarding the authenticity and accuracy of the photographs before they were admitted into evidence.

(d) The fact that Schaff was harboring many more cats than he could afford to care for adequately does not necessarily imply that he was mentally ill. Schaff's contention that he would have fared better had his counsel requested a psychiatric evaluation is mere speculation, as is his armchair diagnosis that he may have been suffering from an "irresistible compulsion."

Schaff's appointed counsel appeared to have adequately prepared for trial, obtained a defense expert witness, and subpoenaed a local reporter who had written articles about the incident. At trial, she objected numerous times to the prosecution's questioning of witnesses and advocated persuasively for Schaff. In fact, she succeeded in obtaining a directed verdict of acquittal on numerous charges. Schaff has not shown that counsel's performance was deficient or that, but for his trial counsel's deficient performance, the outcome of the trial would have been different. He has therefore failed to satisfy either prong of the test outlined in *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984).

3. In his final enumeration of error, Schaff maintains that his due process rights were violated because he was not given a presentencing hearing. But the trial court denied only the request from Schaff's counsel for a continuance before sentencing, not her request for a hearing. It is apparent from the record that such a hearing was held. The record shows that at that hearing, the trial court heard

evidence and argument from counsel. The State asked the trial court to take judicial notice that Schaff had a prior conviction for driving under the influence. The State argued that in his testimony Schaff had been "less than forthcoming,"[1] and the defense argued that Schaff never intended to harm the animals he loved and sheltered but was unable to care for properly. The trial court then pronounced sentence. Facing a possible term of incarceration of more than 14 years, the sentence actually imposed was unquestionably lenient. Schaff was sentenced to serve only three months in jail followed by community service. The remainder of his sentence was either suspended or probated, and no fine was imposed. These terms clearly demonstrate that the trial court heard and took into consideration the arguments raised by counsel at the pre-sentence hearing.

Schaff also complains that his right to due process of law was violated when the trial court took into consideration his prior DUI even though the State did not present a certified copy of that conviction. But Schaff's prior conviction occurred in Clayton County State Court, the same court in which Schaff was being tried on the current charges. At one time, a trial court could not take judicial notice of records on file in the same court, and a number of cases so held. See, e.g., *Nelson v. Smothers*, 164 Ga. App. 112 (296 SE2d 414) (1982). But in *Petkas v. Grizzard*, 252 Ga. 104 (312 SE2d 107) (1984), the Georgia Supreme Court overruled those cases, holding that those holdings "fail to comport with the announced policy that the court will look to substantial justice and judicial economy rather than strict compliance with procedural technicalities." Id. at 108. Under the new rule announced in *Petkas*, "[a] trial court may take judicial cognizance . . . of records on file in its own court." Id. That has been the rule followed since the *Petkas* decision. See, e.g., *In the Interest of J. P. V.*, 261 Ga. App. 194, 196 (2) (582 SE2d 170) (2003). The trial court did not violate Schaff's right to due process of law when it took judicial notice of Schaff's prior conviction.

*Judgment affirmed. Ellington and Adams, JJ., concur.*

DECIDED SEPTEMBER 28, 2005.

*Shana M. Rooks, Mitchell D. White*, for appellant.

---

[1] Schaff testified at trial that after the "raid" that formed the subject matter of this prosecution he learned that five cats was the legal limit, and that thereafter he kept only five cats. But Clayton County Animal Control subsequently found and took at least 15 cats from Schaff's trailer.

*Leslie Miller-Terry, Solicitor-General, Evelyn Proctor, Keith C. Martin, Tasha M. Mosley, Assistant Solicitors-General*, for appellee.