A06A1479. REDMAN v. THE STATE.
(636 SE2d 680)

MILLER, Judge.

Following a jury trial, Brian Keith Redman was found guilty of aggravated child molestation, child molestation, and attempted child molestation based on several incidents involving his stepdaughter, B. C. On appeal, Redman contends that (1) the evidence was insufficient to sustain his convictions; (2) the trial court erred in allowing his character witness to be cross-examined concerning a prior juvenile adjudication; and (3) his trial counsel was ineffective. We discern no error and affirm.

1. Redman argues that the evidence was insufficient to sustain his convictions for aggravated child molestation, child molestation, and attempted child molestation. We disagree.

On appeal from a criminal conviction, we view the evidence in the light most favorable to the verdict, and the defendant no longer enjoys the presumption of innocence. *Short v. State*, 234 Ga. App. 633 (507 SE2d 514) (1998). We do not weigh the evidence or determine witness credibility, but only determine whether the evidence was sufficient for a rational trier of fact to find the defendant guilty of the charged offense beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

So viewed, the evidence reveals that, beginning when B. C. was around seven years old, Redman would put his tongue into B. C.'s mouth when he kissed her. Redman also asked B. C. to scratch his penis and "put his penis in [her] mouth . . . [and] made [her] suck on it . . . [and] swallow [his semen]." The evidence that Redman asked B. C. to perform sex acts on him sufficed to sustain his conviction for attempted child molestation. See, e.g., *Wittschen v. State*, 259 Ga. 448, 449 (1) (383 SE2d 885) (1989). The evidence that he put his tongue into B. C.'s mouth sufficed to sustain his conviction for child molestation. OCGA § 16-6-4 (a). The other evidence outlined above sufficed to show that Redman committed aggravated child molestation involving an act of sodomy with a female under the age of 16, with the intent to satisfy his sexual desires. OCGA § 16-6-4 (c).

"There is no requirement that the testimony of the victim of child molestation be corroborated." (Citation omitted.) *Adams v. State*, 186

Ga. App. 599 (1) (367 SE2d 871) (1988); see also *Putnam v. State*, 231 Ga. App. 190 (498 SE2d 340) (1998) (victim's testimony alone sufficient to sustain a conviction under OCGA § 16-6-4). Redman's contention that additional evidence is necessary to link him to the crimes is therefore unsupported.

2. Redman argues that the trial court erred in permitting the prosecution to cross-examine his character witness, Sharon Woody, regarding Redman's prior juvenile adjudication for child molestation because a certified copy of the juvenile adjudication was not tendered. We disagree.

In choosing to have Woody testify as to Redman's good character, Redman opened the door for the State to introduce all evidence bearing on his character, including "convictions of crimes, guilty and nolo contendere pleas, juvenile offenses, and incidents which illustrate the defendant's character." (Citation and punctuation omitted.) *Anthony v. State*, 236 Ga. App. 257, 259 (511 SE2d 612) (1999). His contention that the trial court erred in allowing this evidence is therefore without merit.

3. Redman argues that his trial counsel was ineffective for opening the door to allow the State to introduce evidence of his past juvenile adjudication for child molestation. We disagree.

To show ineffective assistance of counsel, Redman was required to show that his counsel's performance was deficient and that this deficient performance prejudiced his defense. *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984); *Williams v. State*, 273 Ga. App. 321, 322 (615 SE2d 160) (2005). There must be a reasonable likelihood that, but for counsel's errors, the outcome of the trial would have been different. *Williams*, supra, 273 Ga. App. at 322. The trial court's determination with respect to counsel's effectiveness will be upheld on appeal unless clearly erroneous. *Jackson v. State*, 209 Ga. App. 53, 56 (7) (432 SE2d 649) (1993).

Redman claims his counsel was caught unprepared when the State sought to impeach Woody's knowledge of Redman's good character by cross-examining her about Redman's juvenile adjudication for molesting his mentally disabled sister. The record reveals, however, that trial counsel was aware of Redman's juvenile adjudication prior to the trial and made a strategic decision to call a witness to testify regarding Redman's good character. "[S]trategic or tactical decisions at trial are the exclusive province of the lawyer, and decisions concerning whether to call character witnesses and whether to place the defendant's character in issue are matters of strategy or tactics such as do not equate with ineffective assistance of counsel." (Citation and punctuation omitted.) *Benefield v. State*, 231 Ga. App. 80, 80-81 (497 SE2d 650) (1998).

Here, counsel made a strategic decision to call a character witness after consulting with Redman. While such a decision also opened the door to the admission of bad character evidence, it does not follow from this that Redman's counsel was ineffective. See *Kimmons v. State*, 267 Ga. App. 790, 793 (2) (c) (600 SE2d 783) (2004). Indeed, the record reveals that even though the State attempted to impeach Woody by asking her whether she knew about Redman's prior juvenile adjudication, she consistently testified that she knew nothing about such an incident. In light of this lack of knowledge and the State's failure to introduce a certified copy of the prior juvenile adjudication, Redman's counsel successfully objected to the State making any mention of the prior adjudication during its closing argument. Moreover, the trial court gave a special limiting instruction to the jury to ensure that they would not consider any impeachment evidence in making their determination of Redman's guilt or innocence with respect to the crimes for which he was being tried. Under these circumstances, evidence supported the trial court's conclusion that Redman's counsel rendered effective assistance. See *Crawford v. State*, 252 Ga. App. 722, 725 (3) (556 SE2d 888) (2001).

*Judgment affirmed. Johnson, P. J., and Ellington, J., concur.*

DECIDED AUGUST 29, 2006 —
RECONSIDERATION DENIED SEPTEMBER 20, 2006 — ▉▉▉▉▉▉▉

*Christopher G. Paul*, for appellant.

*T. Joseph Campbell, District Attorney, Sharon M. Fox, Assistant District Attorney*, for appellee.