## A07A0523. FLANDERS v. THE STATE.
### (648 SE2d 97)

BERNES, Judge.

A McIntosh County jury convicted Moszell Flanders of aggravated child molestation. Flanders appeals, contending that the evidence was insufficient to sustain his conviction; the evidence was insufficient to establish venue; and his trial counsel rendered ineffective assistance. For the reasons that follow, we affirm.

1. Flanders challenges the sufficiency of the evidence to sustain his conviction.

> On appeal from a criminal conviction, we view the evidence in the light most favorable to the verdict, and the defendant no longer enjoys the presumption of innocence. We do not weigh the evidence or determine witness credibility, but only determine whether the evidence was sufficient for a rational trier of fact to find the defendant guilty of the charged offense beyond a reasonable doubt. *Jackson v. Virginia,* 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

(Citation omitted.) *Redman v. State,* 281 Ga. App. 605 (1) (636 SE2d 680) (2006).

So viewed, the evidence adduced at trial showed that Flanders and the female child victim are cousins. The victim lived with her aunt, and Flanders sometimes visited the residence. On the date of the incident,[1] Flanders arrived at the residence intoxicated and called the victim into the living room. After the victim sat on the sofa next to Flanders, Flanders engaged in an act of oral sodomy with the victim.

After the incident, the victim left the residence and went to live with a friend. When the Department of Family and Children Services removed the victim from her friend's residence, the victim reported the molestation incident to the caseworker in hopes that she would not be sent back to the aunt's residence. A McIntosh County Sheriff's

---

[1] The victim, who was 17 at the time of trial, could not recall the specific date the incident occurred, but knew that it occurred when she was either 13 or 14 years old. Flanders was around 27 years old when the incident occurred.

Department detective investigated the molestation allegations, interviewed the victim, and obtained a warrant for Flanders' arrest.

This evidence was sufficient to sustain Flanders' conviction for aggravated child molestation. See OCGA § 16-6-4 (c); *Redman*, 281 Ga. App. at 605 (1); *Lester v. State*, 278 Ga. App. 247, 250-251 (3) (628 SE2d 674) (2006). Flanders nevertheless argues that the victim, whom he characterizes as a "troubled girl," lacked credibility and that there was no corroboration of her testimony. Notwithstanding Flanders' characterization of the victim and the trial evidence, "[i]n order to uphold an aggravated child molestation conviction it is unnecessary to find corroborating evidence. . . . [T]he testimony of the victim, in and of itself, was sufficient to authorize a conviction. Any contradictions in the victim's testimony were resolved by the jury." *Morgan v. State*, 191 Ga. App. 279 (381 SE2d 427) (1989). The victim's credibility was a matter for assessment by the jury, not this Court. See *Frady v. State*, 245 Ga. App. 832, 832-833 (1) (a) (538 SE2d 893) (2000).

2. Flanders next argues that the state failed to prove beyond a reasonable doubt that the crime occurred in McIntosh County, where he was prosecuted.

> Generally, a criminal action must be tried in the county in which the crime was committed (Ga. Const. 1983, Art. VI, Sec. II, Par. VI; OCGA § 17-2-2 (a)), and the State may establish venue by whatever means of proof are available to it, including direct and circumstantial evidence. As an appellate court, we view the evidence in a light most favorable to support the verdict and determine whether the evidence was sufficient to permit a rational trier of fact to find beyond a reasonable doubt that the crime was committed in the county where the defendant was indicted.

(Citation omitted.) *Chapman v. State*, 275 Ga. 314, 317 (4) (565 SE2d 442) (2002). See also *Jones v. State*, 272 Ga. 900, 903-904 (3) (537 SE2d 80) (2000).

In the instant case, the victim testified that the crime occurred in the living room of the residence, where she currently resided with her aunt. The victim's aunt testified that she currently resided in McIntosh County.[2] This evidence was sufficient to prove venue in McIntosh County beyond a reasonable doubt. See *Hightower v. State*, 256 Ga.

---

[2] The victim's aunt testified as a defense witness. However, as a reviewing court, we are authorized to consider all evidence of record, not just evidence presented in the state's case-in-chief. See *Reynolds v. State*, 265 Ga. App. 776 (595 SE2d 606) (2004).

App. 793, 797-798 (4) (570 SE2d 22) (2002); *Woodruff v. State*, 191 Ga. App. 338 (381 SE2d 582) (1989).

3. Finally, Flanders claims that his trial counsel rendered ineffective assistance of counsel. "To prevail on this claim under *Strickland*,[3] [Flanders] must show that counsel's performance was deficient and that, but for that deficient representation, there is a reasonable probability that the proceeding would have ended differently." (Citation and punctuation omitted.) *Henry v. State*, 279 Ga. 615, 616 (3) (619 SE2d 609) (2005). Flanders is unable to make the required showing in this case.

(a) Flanders first claims that his counsel was ineffective for failing to challenge the state's proof of venue. However, as we determined above such an objection would have been without merit. It is well settled that "[f]ailure to raise a meritless objection cannot constitute ineffective assistance of counsel." (Citation omitted.) *Schaff v. State*, 275 Ga. App. 642, 643 (2) (a) (621 SE2d 595) (2005). See also *Henry*, 279 Ga. at 617 (3).

(b) Flanders next claims that his counsel was ineffective for failing to object to certain statements made by the prosecutor during closing argument. Flanders contends that the prosecutor mischaracterized the evidence at trial by arguing the following: "You sometimes wonder why children don't report being molested. Today shows you why. The family would rather keep that in the closet" and "[the victim] told you why she ran away, because of the family problems and because what [Flanders] did to her." The state asserts that these arguments presented reasonable inferences based upon the evidence at trial. We agree.

The victim's aunt testified at trial on behalf of Flanders. She recounted the victim's family problems and history of running away from home. She was cross-examined by the prosecutor about her lack of cooperation in the investigation and about her efforts to impede the prosecutor's interview of the victim prior to trial. It was not unreasonable for the prosecutor to infer and argue to the jury that the family would have preferred to keep the allegations of molestation "in the closet." Likewise, it was not unreasonable for the prosecutor to infer and argue to the jury that the victim ran away because of what "[Flanders] did to her." The victim testified that she ran away from home after the molestation incident and that she delayed reporting the molestation because she did not want to be sent back home. "The prosecutor was entitled to draw reasonable inferences from the evidence during his closing argument, even if those inferences were contrary to the ones that [Flanders] would have preferred the jury to

---

[3] *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984).

draw." (Citation and punctuation omitted.) *Glidewell v. State*, 279 Ga. App. 114, 128-129 (7) (m) (630 SE2d 621) (2006). We discern no error. *Judgment affirmed. Blackburn, P. J., and Ruffin, J., concur.*

DECIDED MAY 30, 2007 —
RECONSIDERATION DENIED JUNE 14, 2007.

*Earle J. Duncan III, Brandon S. Clark, Craig T. Pearson*, for appellant.

*Tom Durden, District Attorney, Angel L. Blair, Assistant District Attorney*, for appellee.