### A10A1037. WILSON v. THE STATE.
(697 SE2d 275)

MIKELL, Judge.

A Cobb County jury convicted William Tony Wilson of three counts of child molestation (Counts 2, 6, and 7), and one count each of aggravated child molestation (Count 4) and aggravated sexual battery (Count 8) and acquitted him of one count each of child

---

molestation (Count 1), aggravated child molestation (Count 3), and aggravated sexual battery (Count 5).[1] On appeal, Wilson challenges the sufficiency of the evidence as to his convictions on Counts 6, 7, and 8 and argues that his trial counsel was ineffective. Finding no error, we affirm.

1. In his first enumerated error, Wilson challenges the sufficiency of the evidence as to the convictions related to S. W. for child molestation and aggravated sexual battery, but we find the evidence sufficient in accordance with *Jackson v. Virginia*.[2]

> On appeal from his criminal convictions, [Wilson] no longer enjoys a presumption of innocence, and we construe the evidence in a light favorable to the jury's verdict. We neither weigh the evidence nor assess the credibility of the witnesses, but merely determine whether the evidence was sufficient to enable a rational trier of fact to find all the essential elements of the crimes charged beyond a reasonable doubt.[3]

The record shows that S. W., who was eighteeen years old at the time of trial, testified that between the ages of seven and fourteen, Wilson molested her, putting his hand and his penis into her vagina and touching her all over her body. Karen Nash, the director of services at a children's advocacy center, testified that she saw S. W. one time; that S. W. told her that Wilson touched her genital areas, putting his penis between her legs four times a week until she was fourteen years old; and that S. W. told her she would feel wet between her legs during these encounters. Investigator Richard Whitaker of the Cobb County Police Department testified that he became involved in this case after receiving a phone call from a doctor regarding the other victim, M. I.[4] During his investigation, Whitaker recorded interviews with S. W. and M. I., which were played for the jury.[5]

In Wilson's one-paragraph argument wherein he fails to cite to the record or to authority, he contends that the evidence was insufficient to sustain his convictions because S. W. testified that the abuse occurred while they lived in a green house and the evidence shows that during that time period, they lived in a white house and

---

[1] The indictment named two victims: Wilson's stepdaughter M. I. and his daughter S. W. Counts 1 through 5 pertained to M. I., and the remaining counts involved S. W.

[2] 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

[3] (Citations omitted.) *Purvis v. State*, 301 Ga. App. 648-649 (689 SE2d 53) (2009).

[4] M. I., who was eleven years old at the time of trial, testified that she was sexually abused by Wilson when she was five years old.

[5] The interviews were not transcribed in the record.

because S. W. was impeached concerning a different rape allegation. Wilson's contentions are nothing more than a challenge to S. W.'s credibility, and this court does not assess witness credibility.[6] The credibility of witnesses is a matter solely within the jury's province.[7] Here, "[S. W.] testified at trial and was subject to cross-examination by [Wilson], thereby giving the jury the opportunity to judge her demeanor and credibility during that examination."[8] Accordingly, Wilson's contention that S. W. was not credible does not warrant the reversal of his convictions.

Child molestation occurs when a person does any immoral or indecent act to a child under the age of 16 years with the intent to arouse or satisfy his own or the child's sexual desires.[9] Aggravated sexual battery is committed when a person intentionally penetrates with a foreign object, such as a finger, the sexual organ or anus of another person without the consent of that person.[10] S. W.'s testimony, alone, that Wilson inserted his penis and his hand into her vagina, was sufficient to support Wilson's convictions.[11]

2. Wilson contends that his trial counsel was ineffective because he failed to interview all of the witnesses and thus was inadequately prepared for trial.

> In order to show he was denied the constitutional right to counsel, [Wilson] must show that his trial counsel's actions fell below an objective standard of reasonableness and that, but for the alleged ineffective act, there is a reasonable probability that the result of the proceeding would have been different.[12]

Wilson did not meet this burden.

Wilson raised the issue of trial counsel's ineffectiveness in the amended motion for new trial filed by his appellate counsel, which the trial court denied. According to the state, a hearing was held on the motion for new trial, but the transcript was not included in the record, despite Wilson's instruction that the court include all trial

---

[6] *Purvis*, supra; *Lopez v. State*, 258 Ga. App. 92, 93 (572 SE2d 736) (2002).

[7] See OCGA § 24-9-80.

[8] (Citation, punctuation and footnote omitted.) *Lynn v. State*, 300 Ga. App. 170, 173 (2) (684 SE2d 325) (2009).

[9] OCGA § 16-6-4 (a) (1).

[10] OCGA § 16-6-22.2 (b). See also *Johnson v. State*, 276 Ga. 57, 58 (1) (573 SE2d 362) (2002) ("a finger constitutes a 'foreign object' for purposes of this crime") (citation omitted); *Inman v. State*, 295 Ga. App. 461, 464 (2) (671 SE2d 921) (2009) (same).

[11] OCGA § 24-4-8 ("[t]he testimony of a single witness is generally sufficient to establish a fact"). See *Vaughn v. State*, 301 Ga. App. 391, 392 (687 SE2d 651) (2009).

[12] (Citation and punctuation omitted.) *Sorrells v. State*, 267 Ga. 236, 241 (9) (476 SE2d 571) (1996).

transcripts in the record.[13] Generally, in the absence of a transcript, we presume that the trial court was authorized to conclude that a defendant failed to carry his burden to show that his trial counsel was ineffective.[14] In the instant case, however, Wilson admits that the outcome of his case would not have changed based on the proposed witnesses' testimony. In a footnote in his appellate brief, Wilson explains as follows:

> Some months after trial, the family finally provided a list of these witnesses to appellate counsel. He then obtained court funds for a private investigator. Over the next several months, the investigator located and met with almost all the witnesses which Wilson had previously sought to be interviewed. No witness offered to recant. No witness proffered any additional significant impeachment testimony. (The investigator's confidential report to counsel was not filed with the Court.)

Therefore, even if we were to assume that trial counsel's performance was deficient, Wilson's claim of ineffectiveness fails as he was not prejudiced by trial counsel's failure to interview the proposed witnesses.[15]

*Judgment affirmed. Smith, P. J., and Adams, J., concur.*

DECIDED JUNE 25, 2010.

*Lawrence W. Daniel*, for appellant.
*Patrick H. Head, District Attorney, Dana J. Norman, Assistant District Attorney*, for appellee.

---

[13] Wilson has not moved to supplement the record or otherwise asserted any argument concerning the transcript's absence.

[14] See *Wade v. State*, 274 Ga. 791, 793 (6) (560 SE2d 14) (2002).

[15] See *Allen v. State*, 286 Ga. 392, 398 (5) (687 SE2d 799) (2010) ("[s]ince appellant must show both deficient performance and actual prejudice stemming from the deficient performance, an insufficient showing on either prong relieves the reviewing court of the need to address the other prong") (citation omitted).