## A10A1398. WHEELER v. THE STATE.
(699 SE2d 745)

JOHNSON, Judge.

Following a jury trial, Gregory Wheeler was convicted of aggravated sexual battery, cruelty to children and four counts of child molestation. He appeals, claiming that there is insufficient evidence to support the aggravated sexual battery conviction and that the trial court erred in admitting his statement to police into evidence. The claims are without merit, and we thus affirm the convictions.

1. On appeal from a criminal conviction, we view the evidence in

---

the light most favorable to the jury's verdict, and the appellant no longer enjoys a presumption of innocence.[1] We do not weigh the evidence or determine the credibility of witnesses, but determine only whether there is sufficient evidence from which a rational trier of fact could have found the appellant guilty beyond a reasonable doubt.[2]

So viewed, the evidence shows that N. T. was ten years old when she, her mother and brothers began living with Wheeler, who was dating the mother. A few weeks after the family moved in with Wheeler, he began molesting N. T. Among other things, Wheeler paid N. T. to show her breasts to him; drilled a hole in a door so he could watch N. T. in the bathroom; touched the child all over her body, including her breasts, buttocks, and vagina; exposed his penis to N. T. and rubbed it against her; and inserted his finger into her vagina. The abuse occurred virtually every day for the six years that the family lived with Wheeler.

Wheeler argues that the evidence was insufficient to show that he penetrated the child's vagina with his finger during an eight-month period specified in the aggravated sexual battery count of the indictment. However, testimony from the victim and others established that the molestation, including Wheeler inserting his finger into N. T.'s vagina, took place almost daily for a six-year period that encompassed the months specified in the indictment.

> Aggravated sexual battery is committed when a person intentionally penetrates with a foreign object, such as a finger, the sexual organ or anus of another person without the consent of that person. [The victim's] testimony, alone, that [Wheeler] inserted his [finger] into her vagina, was sufficient to support [Wheeler's] convictions.[3]

2. Wheeler contends that his custodial statement was improperly admitted into evidence because police failed to stop the interview after he invoked his right to counsel. "In order to affirmatively invoke this right, the suspect must unambiguously request counsel."[4] However, "if a suspect makes a reference to an attorney that is ambiguous or equivocal in that a reasonable officer in light of the circumstances would have understood only that the suspect might be

[1] *Flanders v. State*, 285 Ga. App. 805 (1) (648 SE2d 97) (2007).

[2] Id.

[3] (Citations omitted.) *Wilson v. State*, 304 Ga. App. 623, 625 (1) (697 SE2d 275) (2010).

[4] (Citation and punctuation omitted.) *Simpson v. State*, 293 Ga. App. 760, 765 (3) (668 SE2d 451) (2008).

invoking the right to counsel, our precedents do not require the cessation of questioning."[5]

In this case, two police officers interviewed Wheeler. When they first asked him if he was ready to talk, he said, "I will to a certain extent, but I — you know I can't incriminate myself and uh — I mean not until I talk to an attorney first." One of the officers then said that she was going to read Wheeler his *Miranda* rights, and Wheeler said, "But the serious of my charges and everything and I need to discuss it with a lawyer before I you know talk to you. I'm not trying to be hard to get along with." The officer then asked, "OK so are you gonna talk to us or not?" Wheeler responded, "You can ask me some questions and if I feel like I can answer I will and if I feel I can't then I won't."

At that point, the other officer fully informed Wheeler of his *Miranda* rights, including the right to remain silent and the right to consult with an attorney. The officer further instructed Wheeler that if he asked for an attorney then no questions would be asked without the attorney present. Wheeler indicated that he understood his rights and signed a waiver of rights form. Before questioning Wheeler, the officer clarified, "So you do understand I mean if you want an attorney you don't have to make any statement." And Wheeler responded, "OK." Wheeler then spoke to the officers about N. T., denying that he had ever touched her. The officers immediately ended the interview when Wheeler said, "I think we need to go ahead and kill this if you don't mind."

Contrary to his claim, Wheeler did not unambiguously request counsel. Rather, his references to counsel were equivocal and conditional, telling the officers that he would talk to them without an attorney, but only so long as he felt he could answer questions without incriminating himself.[6] "Under these circumstances, the interrogating officer[s] reasonably attempted to clarify [Wheeler's] request. . . ."[7] Moreover, after the officers fully informed Wheeler of his right to an attorney, he knowingly waived that right and gave his statement. Because Wheeler did not clearly and unequivocally assert his right to counsel prior to the interrogation, the officers were "under no obligation to cease the interrogation, and the trial court did not err in admitting [the] statement at trial. [Cit.]"[8]

*Judgment affirmed. Miller, C. J., and Phipps, P. J., concur.*

---

[5] *Willis v. State*, 287 Ga. 703, 704 (2) (699 SE2d 1) (2010).

[6] See *Jordan v. State*, 267 Ga. 442, 444 (1) (480 SE2d 18) (1997) (reference to an attorney not a clear invocation of right to counsel).

[7] *Willis*, supra at 704 (2).

[8] *Simpson*, supra at 766 (3).

DECIDED JULY 14, 2010 —
RECONSIDERATION DENIED AUGUST 4, 2010 —

*Jennifer A. Trieshmann*, for appellant.
*Leigh E. Patterson, District Attorney, Natalee L. Staats, Assistant District Attorney*, for appellee.