## S10G2071. WHEELER v. THE STATE.
### (713 SE2d 393)

CARLEY, Presiding Justice.

Appellant Gregory Wheeler was arrested and charged with aggravated sexual battery, cruelty to children, and four counts of child molestation. After the arrest, two police officers interviewed Wheeler, asking him if he was ready to talk. He replied, "Well, I mean I will to a certain extent, but I, you know, I can't incriminate myself or anything. I mean not until I talk to an attorney, you know, first." One officer then stated that she was going to read Wheeler his *Miranda* rights, and he responded, "You know, I — I'm — I'm not trying to be hard to get along with — but the seriousness of my charges — and everything, I need to discuss it with a lawyer before I, you know, talk to you. I — I'm not really trying to be hard to get along with."

When the officer then asked Wheeler if he was going to talk to

the officers or not, Wheeler stated, "You can ask me some questions, and if I feel like I can answer them, I will, and if I feel I can't, then I won't." After being informed of his rights under *Miranda v. Arizona*, 384 U. S. 436 (86 SC 1602, 16 LE2d 694) (1966), Wheeler waived those rights and affirmed his understanding that if he wanted an attorney, he did not have to make any statement. Wheeler confirmed that he was ready to talk to the officers and stated, "[L]ike I said, you know, if there is any kind of questions that's going to incriminate me, you know, I'll have to exercise my rights. And I'm not trying to be hard to get along with." After discussing the victim's behavior with him and making some incriminating statements, Wheeler denied ever touching her and ended the interview.

The trial court admitted the tape of that custodial interrogation at trial, and Wheeler was convicted of all charges. The Court of Appeals affirmed, rejecting Wheeler's contention that the interview was improperly admitted into evidence because the officers failed to cease the interrogation after he invoked his right to counsel. *Wheeler v. State*, 305 Ga. App. 501, 502-503 (2) (699 SE2d 745) (2010). The Court of Appeals analyzed Wheeler's claim as follows:

> Wheeler did not unambiguously request counsel. Rather, his references to counsel were equivocal and conditional, telling the officers that he would talk to them without an attorney, but only so long as he felt he could answer questions without incriminating himself. [Cit.] "Under these circumstances, the interrogating officer(s) reasonably attempted to clarify (Wheeler's) request. . . ." [Cit.] Moreover, after the officers fully informed Wheeler of his right to an attorney, he knowingly waived that right and gave his statement.

*Wheeler v. State*, supra at 503 (2). We granted certiorari to consider this holding.

Since Wheeler's statements to the police officers were recorded "and there are no relevant additional facts, the trial court's application of the law to the undisputed facts is subject to de novo appellate review. [Cit.]" *Taylor v. State*, 274 Ga. 269, 272 (1) (553 SE2d 598) (2001).

> "A suspect who asks for a lawyer at any time during a custodial interrogation may not be subjected to further questioning by law enforcement until an attorney has been made available or until the suspect reinitiates the conversation. If the police persist in questioning a suspect who has requested that counsel be present, any resulting statements made by the suspect are inadmissible in the State's case-in-

chief. In order for a suspect to properly invoke his right to counsel during a custodial interrogation, he must articulate his desire to have counsel present sufficiently clearly that a reasonable police officer in the circumstances would understand the statement to be a request for an attorney." [Cit.]

*Manley v. State*, 287 Ga. 338, 347 (7) (698 SE2d 301) (2010).

Wheeler's first statement referencing an attorney constituted only a limited request for an attorney. This Court has recognized that, under *Connecticut v. Barrett*, 479 U. S. 523 (107 SC 828, 93 LE2d 920) (1987), " '[a] defendant may make a limited request for counsel, which the police are "required to honor to no greater extent than the express limits of his reservation. [Cit.]" (Cit.)' [Cit.]" *Baird v. State*, 263 Ga. 868, 870 (1) (440 SE2d 190) (1994). When Wheeler stated that he would talk to the police to a certain extent but would not make any inculpatory statement until he talked with an attorney first, Wheeler "effected a selective waiver [of the right to counsel] by indicating an agreement to answer some questions but not others." *Bruni v. Lewis*, 847 F2d 561, 564 (II) (9th Cir. 1988). His " 'limited request[ ] for counsel . . . w(as) accompanied by affirmative announcement[ ] of his willingness to speak with the authorities.' " *Baird v. State*, supra (quoting *Connecticut v. Barrett*, supra at 529). Thus, that "limited request did not require the cessation of the interrogation." *Pitts v. State*, 259 Ga. 745, 748 (4) (a) (386 SE2d 351) (1989). The police officers were authorized at that point to take the opportunity provided by Wheeler to obtain a statement within the terms of his selective waiver of the right to counsel. See *Baird v. State*, supra. Consistent with that selective waiver, one officer explained that she was about to inform Wheeler of his *Miranda* rights.

However, after the officer's explanation, Wheeler made a second statement requesting an attorney without any limitation or selective waiver. That second statement was much stronger than the first, indicating that, based upon the seriousness of the charges, Wheeler needed to discuss his case with a lawyer before talking with the officers. His repeated assurances that he was not trying to be hard to get along with are consistent with removal of the previous limitation on his request for counsel, as those assurances indicate that Wheeler had a change of mind which he anticipated would be disliked by the officers.

There was no ambiguity or equivocation in [Wheeler's second] statement . . . . Any ambiguity was created solely by the . . . subsequent questioning. [Wheeler] "did not use equivocal words such as 'might' or 'maybe' when referring

to (his) desire for a lawyer. (He) was also not referring to a need for counsel sometime in the future . . . ." [Cits.]

*Robinson v. State*, 286 Ga. 42, 44 (684 SE2d 863) (2009). See also *Manley v. State*, supra at 348 (7); *Allen v. State*, 259 Ga. 63, 66-67 (1) (a) (377 SE2d 150) (1989). Compare *Willis v. State*, 287 Ga. 703, 705 (2) (699 SE2d 1) (2010). Wheeler's reason for the request, the seriousness of the charges, demonstrates that he wanted an attorney's assistance during the interrogation then being conducted. See *McDougal v. State*, 277 Ga. 493, 499 (1) (B) (591 SE2d 788) (2004). Moreover, the lack of ambiguity in Wheeler's second statement is shown by the officer's response of not continuing to the *Miranda* warnings as she originally intended and instead asking Wheeler whether he was going to talk with the officers or not. See *Robinson v. State*, supra at 45.

"When a suspect in custody unequivocally invokes his right to an attorney, all interrogations of that suspect must cease until an attorney is provided or the suspect offers to restart the interrogation process." [Cit.] This did not occur, and any resulting answers and statements are inadmissible. [Cit.]

*Robinson v. State*, supra.

Because the erroneous admission at trial of Wheeler's recorded statements to the police officers was not harmless, the Court of Appeals' affirmance of the trial court's judgments must be reversed. See *Manley v. State*, supra.

*Judgment reversed. All the Justices concur.*

DECIDED JULY 11, 2011.

*Jennifer A. Trieshmann*, for appellant.
*Leigh E. Patterson, District Attorney, Natalee L. Staats, Assistant District Attorney*, for appellee.